**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

APPLIED TECHNOLOGY LIMITED,

                                  Plaintiff(s),

- against -

WATERMASTER OF AMERICA, INC.,

                                  Defendant(s).

FILED: 6/22/07

Index No. 07-108733

**Summons**

*To the above named Defendant(s):*

**You Are Hereby Summoned** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and, in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

*Plaintiff designates* New York *County as the place of trial.*

| | |
|---|---|
| *The basis of the venue is:* | CPLR 503 (c) |
| *Plaintiff resides at:* | P.O. Box 621, Les Gallais Chambers<br>54 Bath Street, St. Heller<br>Jersey, Channel Islands JE4 8YD |
| *Defendants' addresses:* | 400 East 77th Street, Suite 6E<br>New York, New York 10021 |

*Dated:* New York, New York
       June 14, 2007

JOHNSON & ASSOCIATES
*Attorneys for Plaintiff(s)*

Post Office Address and Telephone Number
950 Third Avenue
New York, New York 10022
(212) 808-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
APPLIED TECHNOLOGY LIMITED,

        Plaintiff,

- against -

WATERMASTER OF AMERICA, INC.,

        Defendant.
------------------------------------------------------------x

Index No.

**COMPLAINT**

Plaintiff, Applied Technology Limited, by its attorneys, Johnson & Associates, as and for its Complaint herein, alleges as follows:

### PARTIES

1. Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands.

2. Upon information and belief, Defendant is a Florida corporation licensed to do business in New York, with an office located in New York County, New York.

### NATURE OF THE ACTION

3. This is an action for money damages by reason of breach of contract, account stated, breach of the implied covenants of good faith and fair dealing, unjust enrichment, and common law fraud arising out of Defendant's failures to pay Plaintiff a total amount of $633,130.00 for goods sold to Defendant at its specific request that Plaintiff delivered to Defendant.

## FACTUAL BACKGROUND

4. Beginning in or about 1986, Plaintiff and Defendant agreed that Plaintiff would deliver bulk packages of patented single point watering caps for controlled addition of water to lead acid batteries used in primarily industrial applications and known as the Watermaster® ("Watermaster® bulk packages") to Defendant on open account and that payment in full would be due from Defendant to Plaintiff within one-hundred eighty (180) days of the date of invoices to be submitted by Plaintiff to Defendant so long as Defendant was not in default of its payment obligations to Plaintiff (the "Contract").

5. Plaintiff performed all of its obligations under the Contract by, *inter alia*, delivering Watermaster® bulk packages to Defendant from February of 2004 through January of 2007.

6. Pursuant to the Contract, from February of 2004 through December of 2006, Plaintiff submitted a total of eleven (11) written invoices in the total amount of $1,022,470.00 to Defendant with respect to the Watermaster® bulk packages that it had delivered to Defendant ("the Invoices").

7. Defendant retained the Invoices and never objected to or disputed the Invoices.

8. From January 31, 2006 through June 8, 2007, Plaintiff received from Defendant payments totaling the amount of $386,202.00 in partial payment of the Invoices.

9. Plaintiff credited Defendant the amount of $3,138.00 with respect to Watermaster® bulk packages that Defendant allegedly used as samples but did not sell.

10. Plaintiff has received no payment from Defendant for the Invoices that it issued to Defendant more than one-hundred eighty days before June 8, 2007.

11.    Because Plaintiff has received no payment from Defendant for the Invoices that it issued to Defendant more than one-hundred eighty days before June 8, 2007, the outstanding balances of all of the Invoices become due and owing in full to Plaintiff prior to June 8, 2007.

12.    As of this date, Defendant owes Plaintiff the balance of $633,130.00 for the Watermaster® bulk packages delivered to Defendant pursuant to the Contract.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

13.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "12," above, as though more fully set forth at length herein.

14.    By reason of its failures to pay the aforesaid balance of $633,130.00 owed to Plaintiff, Defendant breached the Contract, without legal excuse or justification.

15.    As a direct and proximate consequence of Defendant's breach of contract, Plaintiff has been injured and damaged in the amount of $633,130.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

16.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "15," above, as though more fully set forth at length herein.

17.    An account was thereby stated and had by and between Plaintiff, on the one hand, and Defendant, on the other hand, in the amount of $633,130.00.

18.    As of this date, Defendant has not paid the balance owed of $633,130.00 on the Invoices, despite due demand for payment having been made of it by Plaintiff.

19.    As a direct and proximate consequence of Defendant's failure to pay the balance owed, Plaintiff has been injured and damaged in the amount of $633,130.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF THE IMPLIED
## COVENANTS OF GOOD FAITH AND FAIR DEALING

20. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "19," above, as though more fully set forth at length herein.

21. Defendant has refused and is continuing to refuse to pay Plaintiff all amounts due and owing to it under the terms of the Contract.

22. By the foregoing actions, Defendant has breached the covenants of good faith and fair dealing implied in the Contract, without legal excuse or justification.

23. As a direct and proximate consequence of the foregoing actions of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in excess of $633,130.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

24. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "23," above, as though more fully set forth at length herein.

25. From February of 2004 through January of 2007, Plaintiff delivered Watermaster® bulk packages to Defendant at the specific request of Defendant.

26. Defendant has refused and is continuing to refuse to pay Plaintiff the fair and reasonable value of the Watermaster® bulk packages delivered to it by Plaintiff.

27. By reason of the foregoing actions, Defendant has been unjustly enriched.

28. As a direct and proximate consequence of the foregoing actions of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in

excess of $633,130.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR COMMON LAW FRAUD

29. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "28," above, as though more fully set forth at length herein.

30. Upon information and belief, from a date prior to February 1, 2004 Defendant knew that it would never pay all amounts for which it would become obligated to Plaintiff for Watermaster® bulk packages that would be delivered to it by Plaintiff.

31. Beginning on or before February 1, 2004, Defendant repeatedly represented to Plaintiff that it would pay Plaintiff in full for Watermaster® bulk packages that would be delivered to it by Plaintiff.

32. The foregoing representations by Defendant were false and Defendant knew those representations to be false when it made them.

33. Plaintiff justifiably and reasonably relied upon the foregoing material misrepresentations by Defendant by delivering to Defendant Watermaster® bulk packages having a fair and reasonable value of not less than $1,022,470.00.

34. As of this date, Defendant has received payments totaling only $386,202.00 from Defendant in payment for the Watermaster® bulk packages that Plaintiff delivered to Defendant.

35. As a direct and proximate consequence of Plaintiff's good faith reliance upon the foregoing material misrepresentations of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in excess of $633,130.00.

**WHEREFORE**, Plaintiff, Applied Technology Limited, prays for judgment against Defendant, Watermaster of America, Inc., as follows:

1. Against Defendant on the first cause of action in the amount of $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

2. Against Defendant on the second cause of action in the amount of $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

3. Against Defendant on the third cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

4. Against Defendant on the fourth cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

5. Against Defendant on the fifth cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates.

Dated: New York, New York
       June 15, 2007

JOHNSON & ASSOCIATES

By: Bruce D. Johnson

*Attorneys for Plaintiff*
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100

*Index No.*                                    *Year* 2007

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

APPLIED TECHNOLOGY LIMITED,

                                        Plaintiff,

-against-

WATERMASTER OF AMERICA, INC.,

                                        Defendant.

---

## SUMMONS AND COMPLAINT

---

### JOHNSON & ASSOCIATES
ATTORNEYS AT LAW

Attorneys for *Plaintiff*

950 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 808-9100