UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
APPLIED TECHNOLOGY LIMITED,

                Plaintiff,

  -v-

WATERMASTER OF AMERICA, INC.

                Defendant.
------------------------------------x     07 Civ 6620 (LTS)
WATERMASTER OF AMERICA, INC.

                Counter-Plaintiff,

  -v-

APPLIED TECHNOLOGY LIMITED, JOHN FETTER,
and FETTER & HENDERSON LTD

                Counter-Defendants.
------------------------------------x

**AMENDED ANSWER AND COUNTERCLAIMS
OF DEFENDANT WATERMASTER OF AMERICA, INC.**

Defendant WATERMASTER OF AMERICA, INC. ("Watermaster") responds to the Complaint of Applied Technology Limited as follows:

### AS TO "PARTIES"

1.     As for Paragraph 1 of the Complaint, Watermaster admits that Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands.

2. As for Paragraph 2 of the Complaint, Watermaster admits that it is a Florida corporation licensed to do business in New York, with an office located in New York County, New York.

### AS TO "NATURE OF THE ACTION"

3. Watermaster denies each and every allegation made in Paragraph 3 of the Complaint.

### AS TO "FACTUAL BACKGROUND"

4. Watermaster denies the allegations made in Paragraph 4 of the Complaint.

5. Watermaster denies the allegations made in Paragraph 5 of the Complaint.

6. Watermaster denies the allegations made in Paragraph 6 of the Complaint.

7. Watermaster denies the allegations made in Paragraph 7 of the Complaint.

8. Watermaster denies the allegations made in Paragraph 8 of the Complaint.

9. Watermaster denies the allegations made in Paragraph 9 of the Complaint.

10. Watermaster denies the allegations made in Paragraph 10 of the Complaint.

11. Watermaster denies the allegations made in Paragraph 11 of the Complaint.

12. Watermaster denies the allegations made in Paragraph 12 of the Complaint.

### AS TO THE FIRST CAUSE OF ACTION

13. In response to Paragraph 13 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Watermaster denies the allegations made in Paragraph 14 of the Complaint.

15. Watermaster denies the allegations made in Paragraph 15 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

16. In response to Paragraph 16 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Watermaster denies the allegations made in Paragraph 17 of the Complaint.

18. Watermaster denies the allegations made in Paragraph 18 of the Complaint.

19. Watermaster denies the allegations made in Paragraph 19 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

20. In response to Paragraph 20 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Watermaster denies the allegations made in Paragraph 21 of the Complaint.

22. Watermaster denies the allegations made in Paragraph 22 of the Complaint.

23. Watermaster denies the allegations made in Paragraph 23 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

24. In response to Paragraph 24 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Watermaster denies the allegations made in Paragraph 25 of the Complaint.

26. Watermaster denies the allegations made in Paragraph 26 of the Complaint.

27. Watermaster denies the allegations made in Paragraph 27 of the Complaint.

28. Watermaster denies the allegations made in Paragraph 28 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

29. In response to Paragraph 29 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Watermaster denies the allegations made in Paragraph 30 of the Complaint.

31. Watermaster denies the allegations made in Paragraph 31 of the Complaint.

32. Watermaster denies the allegations made in Paragraph 32 of the Complaint.

33. Watermaster denies the allegations made in Paragraph 33 of the Complaint.

34. Watermaster denies the allegations made in Paragraph 34 of the Complaint.

35. Watermaster denies the allegations made in Paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

36. The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

37. The claims of the Complaint are barred under the doctrines of unclean hands, waiver, estoppel and/or laches.

## COUNTERCLAIMS

38. Counterclaimant Watermaster of America, Inc. ("Watermaster"), for its Counterclaims against counterclaim defendants Applied Technology Limited, John Fetter, and Fetter & Henderson Ltd. ("Counterclaim Defendants"), hereby avers as follows:

### JURISDICTION

39. These Counterclaims are brought pursuant to Rule 13 of the Federal Rules of Civil Procedure. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that this action is between citizens of a foreign country and New York and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Venue properly lies in this District under 28 U.S.C. §§ 1391 (b)(2) – (3) and (c).

### PARTIES

40. Counterclaimant Watermaster is a corporation organized and existing under the laws of Florida with its principal place of business at 400 East 77th Street, Suite 6E, New York, NY 10021.

41. Upon information and belief, counterclaim defendant Applied Technology Limited is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands. Upon information and belief, Applied Technology Limited is a "shell" corporation which receives monies on behalf of Fetter & Henderson Ltd and makes payments to Fetter & Henderson Ltd. Upon information and belief, Mr. John Fetter is a director of Applied Technology Ltd.

42. Upon information and belief, counterclaim defendant Fetter & Henderson Ltd. is a privately held company organized under the laws of the Republic of South Africa and is owned and operated by Mr. John Fetter. Upon information and belief, Fetter & Henderson Ltd., an affiliate of Applied Technology Limited, has its principal place of business in Johannesburg, South Africa.

43. Upon information and belief, counterclaim defendant Mr. John Fetter owns and operates Fetter & Henderson Ltd. Mr. Fetter receives payment through Fetter & Henderson Ltd., which in turn receives payment from Applied Technology Limited. Mr. Fetter resides in Johannesburg, South Africa.

44. All three Counterclaim Defendants do substantial business in the United States and in this District.

## BACKGROUND

45. Watermaster offers for sale and sells Watermaster® devices, comprising, *inter alia*, battery watering caps for controlled addition of water to lead acid batteries in the United States ("Watermaster Business").

46. Beginning in or about 1985, Watermaster organized and began operating its Watermaster Business which purchased for distribution and sale certain battery watering caps from Counterclaim Defendants.

47. Throughout 1985 to the present, Watermaster owned and operated the Watermaster Business in the United States, Canada and Mexico by, *inter alia*, developing advertising, distribution networks, and customer contacts. By its efforts, Watermaster owns and operates a valuable business in North America.

48. Upon information and belief, thoughout this period, the battery watering caps puchased by Watermaster and sold were manufactured in South Africa at the direction of Mr. John Fetter and shipped from Fetter & Henderson's location in Johannesburg, South Africa to Watermaster in the United States.

49. Since at least 1985, Counterclaim Defendants have regularly supplied battery watering caps to Watermaster and Watermaster has made regular payments to Counterclaim Defendants at the direction of Mr. John Fetter.

50. Since at least the mid-1990s, sales invoices for the battery watering caps purchased by Watermaster from Counterclaim Defendants have been issued on Applied Technology Limited's letterhead but have been issued via facsimile and mail by Mr. John Fetter from Fetter & Henderson's location in Republic of South Africa.

51. All Air Waybills associated with shipments of the battery watering caps indicate that Fetter & Henderson in the Republic of South Africa is the shipper of goods to Watermaster.

52. All business related inquiries by Watermaster to the Counterclaim Defendants have been made to John Fetter who has addressed such inquiries on behalf of all the Counterclaim Defendants.

**FIRST COUNTERCLAIM:**
**BREACH OF CONTRACT**

53. Watermaster repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54. For each shipment of battery caps made by Counterclaim Defendants into the United States, Counterclaim Defendants credited Watermaster with a $0.75 royalty on each cap, representing a sales commission to encourage sales into North America and to offset the expenses of Watermaster in the marketplace.

55. Counterclaim Defendants made payments to Watermaster of the $0.75 royalty on all battery watering caps sold through a period ending on or about July 1, 1992.

56. Since the last payment made on or about July 1, 1992, Counterclaim Defendants continued to credit Watermaster a $0.75 royalty as a sales commission on battery watering caps sold into the United States.

57. In recognition of the outstanding sales commission, Watermaster made payments to Counterclaim Defendants on outstanding invoices including a payment made as recently as June 30, 2007.

58. Since 1992, Counterclaim Defendants have credited but not paid Watermaster sales commission in the amount of approximately $1,000,000.00, together with interest calculated therefrom.

59. Upon commencement of this litigation, demand is hereby made upon Counterclaim Defendants for all unpaid sales commission, to be set off against any and all outstanding amounts claimed by Applied Technology Ltd.

## SECOND COUNTERCLAIM:
## BREACH OF IMPLIED WARRANTY

60. Watermaster repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61. Since at least the year 2000, Counterclaim Defendants have shipped to Watermaster defectively manufactured battery watering caps.

62. As a result of the defects found in the battery watering caps at the time of shipment to Watermaster, certain battery watering caps were not fit for their ordinary use in the marketplace.

63. Since at least the year 2000, Watermaster has incurred losses arising out of reduced sales due to existing defects found in the battery watering caps manufactured by Counterclaim Defendants.

64. Since at least the year 2000, Watermaster has incurred reduced sales due to existing defects found in the battery watering caps manufactured by Counterclaim Defendants.

Counterclaim Defendants have failed to cure those defects despite repeated requests by Watermaster to address specific problems.

65.     Counterclaim Defendants have failed to cure those defects despite repeated requests by Watermaster to address specific problems.

66.     By reasons of the foregoing, Watermaster has been damaged in an amount not yet identified but believed to be in excess of $75,000.

### THIRD COUNTERCLAIM: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

67.     Watermaster repeats and realleges paragraphs 1 through 66 of the counterclaims as if fully set forth herein.

68.     By 1995, Watermaster had created a strong market for WATERMASTER® battery caps and related devices including the WATERGENIUS® electronic control system. Watermaster is the owner of U.S. Trademark Reg. No. 1,454,984 for the WATERMASTER® trademark and U.S. Trademark Reg. No. 1,816,738 for the WATERGENIUS® trademark, which remain in full force and effect and are uncontestable as a matter of law.

69.     Upon information and belief, the Counterclaim Defendants were made aware by Watermaster that a new, "next generation" design of a battery cap was and is needed for sale in North America. Despite claiming to have developed such a new battery cap, Counterclaim Defendants deliberately failed to provide such replacement battery watering cap to Watermaster for sale in the U.S., Canada and Mexico.

70.     Watermaster has incurred losses arising out of Counterclaim Defendants' refusal to sell to Watermaster a replacement battery cap device that would be able to compete with the "nesxt generation" industry cap design manufactured and sold by Watermaster's competitors in the United States, Canada and Mexico.

71.     Within the last year, in further effort to undermine the Watermaster Business, counterclaim defendant John Fetter intentionally made false and misleading statements to at least one United States vendor concerning Watermaster's ownership of the WATERGENIUS® product in efforts to injure Watermaster's sale of the WATERGENIUIS® products.

72.     Watermaster has incurred losses resulting from Counterclaim Defendants' attempts to harm Watermaster's sale of WATERGENIUS® products which are complimentary to the battery watering caps in efforts to injure Watermaster's sale of the WATERGENIUS® products.

73.     Over the last several years, the Counterclaim Defendants have interfered with Watermaster's prospective business advantage by misdirecting orders of customers and by interfering with Watermaster's established business relationships with its vendors and other customers.

74.     By failing to provide the "next generation" of battery caps and by interfering with the Watermaster Business, Counterclaim Defendants have injured the prospective business advantage of Watermaster and have attempted to divert away sales from Watermaster.

75.     By reasons of the foregoing, Watermaster has been damaged in an amount not yet identified but believed to be in excess of $1,000,000.00.

## FOURTH COUNTERCLAIM:
## DEFAMATION

76. Watermaster repeats and realleges paragraphs 1 through 75 of the counterclaims as if fully set forth herein.

77. On or about August 13, 2007, Counterclaim Defendant John Fetter, acting on behalf of the two corporate Counterclaim Defendants, issued a written communication containing a false and defamatory statement to at least one Watermaster vendor alleging that Watermaster "unlawfully pocketed" Counterclaim Defendants' funds.

78. The statement made by John Fetter that Watermaster's owner "unlawfully pocketed" funds is both knowingly false and intentionally defamatory.

79. Upon information and belief, Watermaster has been injured as a result of the false and defamatory statement made against Watermaster's owner in an amount not less than $75,000.

WHEREFORE, Defendant WATERMASTER OF AMERICA, INC. requests that this Court grant judgment in favor of Watermaster and against Counterclaim Defendants, both dismissing the Complaint with prejudice, and entry of judgment against Counterclaim Defendants on the First, Second, Third and Fourth Counterclaims, together with attorneys fees payable to Watermaster.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant/Counterclaim Plaintiff demands a trial by jury.

Dated: New York, New York
      August 20, 2007

Respectfully submitted,

*/s/ William R. Hansen*
William R. Hansen (WH-6446)
Bernadette McGlynn Reilly (BR-4117)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220
Fax: (212) 850-6221

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2007, I electronically filed the foregoing **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT WATERMASTER OF AMERICA, INC.** with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF Participant:

Bruce D. Johnson, Esq.
Johnson & Associates
950 Third Avenue
New York, NY 10022

Dated: New York, New York
      August 20, 2007

Respectfully submitted,

/s/ Bernadette McGlynn Reilly
William R. Hansen (WH-6446)
Bernadette McGlynn Reilly (BR-4117)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220
Fax: (212) 850-6221