Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff, Applied Technology Limited

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

                Plaintiff,

- against -

WATERMASTER OF AMERICA, INC.,

                Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

                Counter-Plaintiff,

- against -

APPLIED TECHNOLOGY LIMITED, JOHN
FETTER, and FETTER & HENDERSON LTD

                Counter-Defendants.

---

### REPLY TO COUNTERCLAIMS AGAINST
### PLAINTIFF APPLIED TECHNOLOGY LIMITED

Plaintiff, Applied Technology Limited, by its attorneys, Johnson & Associates, replies to the Counterclaims of Defendant Watermaster of America, Inc. as follows:

    1.    Admits the allegations set forth in paragraph numbered "40" of the Counterclaims.

1

2.   Denies each and every allegation against Plaintiff set forth in paragraph numbered "41" of the Counterclaims, except admits that Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands.

3.   Denies each and every allegation against Plaintiff set forth in paragraph numbered "42" of the Counterclaims, admits, upon information and belief, that Counterclaim Defendant Fetter & Henderson Ltd. is a company existing under the laws of the Republic of South Africa with an office located in Johannesburg, South Africa, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "42" of the Counterclaims.

4.   Denies each and every allegation against Plaintiff set forth in paragraph numbered "43" of the Counterclaims, except admits that Plaintiff purchases certain products from Counterclaim Defendant Fetter & Henderson Ltd., admits, upon information and belief, that Counterclaim Defendant John Fetter has an office located in Johannesburg, South Africa, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "43" of the Counterclaims.

5.   Denies each and every allegation against Plaintiff set forth in paragraph numbered "44" of the Counterclaims and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "44" of the Counterclaims.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "45" of the Counterclaims.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "46" of the Counterclaims, except admits that

Plaintiff sold certain products to Defendant, as set forth in the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "47" of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "48" of the Counterclaims, except admits that Plaintiff shipped certain products that it purchased from Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa to Defendant in New York and admits, upon information and belief, that those products were manufactured in the Republic of South Africa.

10. Denies each and every allegation against Plaintiff set forth in paragraph numbered "49" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has shipped certain products to Defendant in New York and that Defendant has made sporadic and partial payments to Plaintiff for some of those products pursuant to invoices that Plaintiff has issued to Defendant.

11. Denies each and every allegation against Plaintiff set forth in paragraph numbered "50" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has issued invoices to Defendant and admits that invoices from Plaintiff to Defendant have been issued to Defendant at Plaintiff's request and direction by Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa in order to expedite delivery of the products that Plaintiff has sold to Defendant.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "51" of the Counterclaims, except admits that Plaintiff shipped certain products that it purchased from Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa to Defendant in New York.

13. Denies each and every allegation against Plaintiff set forth in paragraph numbered "52" of the Counterclaims.

14. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "13," above, as though more fully set forth at length herein.

15. Denies each and every allegation against Plaintiff set forth in paragraph numbered "54" of the Counterclaims.

16. Denies each and every allegation against Plaintiff set forth in paragraph numbered "55" of the Counterclaims.

17. Denies each and every allegation against Plaintiff set forth in paragraph numbered "56" of the Counterclaims.

18. Denies each and every allegation against Plaintiff set forth in paragraph numbered "57" of the Counterclaims, except admits that Defendant made sporadic and partial payments to Plaintiff pursuant to invoices that Plaintiff issued to Defendant, which invoices Defendant retained and did not dispute.

19. Denies each and every allegation against Plaintiff set forth in paragraph numbered "58" of the Counterclaims.

20. Denies each and every allegation against Plaintiff set forth in paragraph numbered "59" of the Counterclaims.

21. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "20," above, as though more fully set forth at length herein.

22. Denies each and every allegation against Plaintiff set forth in paragraph numbered "61" of the Counterclaims.

23. Denies each and every allegation against Plaintiff set forth in paragraph numbered

"62" of the Counterclaims.

24. Denies each and every allegation against Plaintiff set forth in paragraph numbered "63" of the Counterclaims.

25. Denies each and every allegation against Plaintiff set forth in paragraph numbered "64" of the Counterclaims.

26. Denies each and every allegation against Plaintiff set forth in paragraph numbered "65" of the Counterclaims.

27. Denies each and every allegation against Plaintiff set forth in paragraph numbered "66" of the Counterclaims.

28. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "27," above, as though more fully set forth at length herein.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "68" of the Counterclaims.

30. Denies each and every allegation against Plaintiff set forth in paragraph numbered "69" of the Counterclaims.

31. Denies each and every allegation against Plaintiff set forth in paragraph numbered "70" of the Counterclaims.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "71" of the Counterclaims.

33. Denies each and every allegation against Plaintiff set forth in paragraph numbered "72" of the Counterclaims.

34. Denies each and every allegation against Plaintiff set forth in paragraph numbered "73" of the Counterclaims.

35. Denies each and every allegation against Plaintiff set forth in paragraph numbered "74" of the Counterclaims.

36. Denies each and every allegation against Plaintiff set forth in paragraph numbered "75" of the Counterclaims.

37. Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "36," above, as though more fully set forth at length herein.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "77" of the Counterclaims, denies that Counterclaim Defendant John Fetter had authority to publish defamatory statements on behalf of Plaintiff, and avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "78" of the Counterclaims, avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification, and avers that "Watermaster's owner" is not a party to the instant action.

40. Denies each and every allegation against Plaintiff set forth in paragraph numbered "79" of the Counterclaims and avers that "Watermaster's owner" is not a party to the instant action.

**AFFIRMATIVE DEFENSES**

41. The Counterclaims fail to state a cause of action against Plaintiff upon which relief may be granted.

42. All of the claims in the Counterclaims against Plaintiff are barred by the doctrines of waiver and estoppel.

43.  Plaintiff pleads truth as an absolute defense to the allegations of defamation in the Fourth Counterclaim.

**WHEREFORE**, Plaintiff, Applied Technology Limited, prays for judgment against Defendant, Watermaster of America, Inc., dismissing the Counterclaims against it with prejudice and for such other and further relief as may be just and proper.

Dated: New York, New York
       August 30, 2007

*[signature]*
Bruce D. Johnson (BJ0375)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of August 2007, I electronically filed the foregoing Plaintiff Applied Technology Limited's Reply to Counterclaims with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system and that a true copy of the foregoing Plaintiff Applied Technology Limited's Reply to Counterclaims was mailed this 30th day of August, 2007, by first class United States mail, to the following counsel of record:

    William R. Hansen, Esq.
    Lathrop & Gage, L.C.
    230 Park Avenue, Suite 1847
    New York, New York 10169

                              Bruce D. Johnson (BJ0375)
                              Attorney for Plaintiff, Applied Technology Limited
                              Johnson & Associates
                              950 Third Avenue, Suite 2602
                              New York, New York 10022
                              (212) 808-9100
                              (212) 808-5536 facsimile