Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson (Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

        Plaintiff,

- against -

WATERMASTER OF AMERICA, INC.,

        Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

        Counter-Plaintiff,

- against -

APPLIED TECHNOLOGY LIMITED, JOHN FETTER, and FETTER & HENDERSON LTD

        Counter-Defendants.

---

**DECLARATION OF JOHN FETTER IN CONNECTION WITH
MOTION TO DISQUALIFY COUNSEL OF RECORD FOR DEFENDANT**

JOHN FETTER hereby declares under penalty of perjury:

1.    I the individual Counterclaim Defendant in this case. I also am a director, officer, and shareholder of Counterclaim Defendant Fetter & Henderson (Pty) Ltd. in this case. As such,

I am familiar with the facts and circumstances surrounding this case and with the books and records of Fetter & Henderson (Pty) Ltd.

2.  I make this declaration in connection with the motion by Plaintiff, Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and myself for an Order by this Court disqualifying Defendant's attorneys of record, William R. Hansen, Esq. ("Mr. Hansen") and Lathrop and Gage, L.C. (together, "Defendant's counsel"). As to Fetter & Henderson (Pty) Ltd. and myself, the grounds for this motion are (a) that Defendant's counsel presently are the attorneys for Fetter & Henderson (Pty) Ltd. and myself pursuant to a consent to continued representation and to transfer of client files, dated September 1, 2004, that Defendant's counsel transmitted to us and asked us to sign and (b) that, during his representation of Fetter & Henderson (Pty) Ltd. and me in September of 1999, Mr. Hansen came into possession of certain privileged and confidential information of Fetter & Henderson (Pty) Ltd. and mine that bears a substantial and identical relationship to the subject matters of this case.

3.  Neither Fetter & Henderson (Pty) Ltd. nor I have ever consented to Defendant's counsel representing Defendant, Watermaster of America, Inc., in this case. Nor have Defendant's counsel ever sought such consent from Fetter & Henderson (Pty) Ltd. or me. In fact, Fetter & Henderson (Pty) Ltd. and I have never received any communication of any kind whatsoever from Defendant's counsel regarding their appearance in this case.

4.  On or about September 7, 1999, Mr. Hansen met with and counseled me, in my individual capacity and in my capacity as a director, officer, and shareholder of Fetter & Henderson (Pty) Ltd., regarding various aspects of our business activates and tax matters, in addition to certain immigration law questions regarding my setting up residency in the United States. During those meetings, Mr. Hansen and attorneys who Mr. Hansen engaged to assist him

2

received privileged and confidential information of mine and of both Fetter & Henderson (Pty) Ltd. and Applied Technology Limited. During those meetings, Mr. Hansen and attorneys who Mr. Hansen engaged to assist him counseled me and Fetter & Henderson (Pty) Ltd. regarding various aspects of what Mr. Hansen subsequently characterized as our "off shore business" and opined regarding the legality of our various arrangements and dealings with Defendant.

5.  Specifically, Mr. Hansen received from Fetter & Henderson (Pty) Ltd. and me privileged and confidential information and opined regarding, *inter alia*, the allegations in paragraphs numbered "41," "42," "43," "44," "48," "49," "50," "51," "54," "55," "56," and "58" of the Counterclaims.

6.  Thereafter, Mr. Hansen issued a statement for legal fees and disbursements, dated December 21, 1999, with respect to the foregoing meetings and consultation, in respect of which I paid Mr. Hansen the sum of $6,567.60 by a check drawn on an account at the Royal Bank of Canada in London, England.

7.  Almost exactly five years later, Defendant's counsel sent a letter to Fetter & Henderson (Pty) Ltd. and me, dated September 1, 2004, in which they stated, "We would be pleased to continue to represent you after September 1, 2004, as we have done in the past." Defendant's counsel asked us to sign a written consent form attached to that letter, also dated September 1, 2004, to consent to Mr. Hansen's continued representation of us, to representation of us by Lathrop & Gage, L.C., and to Mr. Hansen moving our client files to his new law firm, Lathrop & Gage, L.C. I signed that consent form on my own behalf and on behalf of Fetter & Henderson (Pty) Ltd and returned it to Defendant's counsel, as they had instructed.

8.  Neither Fetter & Henderson (Pty) Ltd. nor I have taken any action to terminate our continued representation by Defendant's counsel. Neither Fetter & Henderson (Pty) Ltd. nor I

have received any communication from Defendant's counsel terminating their continuing representation of us as our attorneys.

9. Thus, as of this date, Defendant's counsel are still attorneys for Fetter & Henderson (Pty) Ltd. and me. Thus, as of this date, my client files and those of Fetter & Henderson (Pty) Ltd. are still in the possession of Defendant's counsel. All of the privileged and confidential information of mine and Fetter & Henderson (Pty) Ltd. and all of the privileged and confidential information of Applied Technology Limited that came into the possession of Mr. Hansen should be in those client files that are in the possession of Defendants' counsel.

10. Defendant's counsel already have used the privileged and confidential information of Fetter & Henderson (Pty) Ltd. and mine and of Applied Technology Limited to formulate their counterclaims in this case. Fetter & Henderson (Pty) Ltd. and I are extremely concerned that they will use that same privileged and confidential information in an attempt to taint the trial of this case.

11. For all of the foregoing reasons, it is respectfully submitted that this Court ought to issue an Order disqualifying William R. Hansen, Esq. and Lathrop and Gage, L.C. as counsel of record for Defendant, Watermaster of America, Inc., in this case.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: Bryanston, South Africa
       October 22, 2007

_____
JOHN FETTER