Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson (Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

      Plaintiff,

 - against -

WATERMASTER OF AMERICA, INC.,

      Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

      Counter-Plaintiff,

 - against -

APPLIED TECHNOLOGY LIMITED, JOHN
FETTER, and FETTER & HENDERSON LTD

      Counter-Defendants.

---

## DECLARATION OF BRUCE D. JOHNSON IN CONNECTION WITH MOTION TO DISQUALIFY COUNSEL OF RECORD FOR DEFENDANT

BRUCE D. JOHNSON hereby declares under penalty of perjury:

1.      I am counsel of record for Plaintiff, Applied Technology Limited, and the other Counterclaim Defendants, Fetter & Henderson (Pty) Ltd. and John Fetter ("Mr. Fetter"), in this case. As such, I am familiar with the facts and circumstances surrounding this case.

2.      I make this declaration in connection with the motion by Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter for an Order by this Court disqualifying Defendant's attorneys of record, William R. Hansen, Esq. ("Mr. Hansen") and Lathrop and Gage, L.C. (together, "Defendant's counsel").

3.      On September 11, 2007, September 14, 2007, and September 16, 2007, I sent letters to Defendant's counsel demanding that they withdraw as counsel of record for Defendant, Watermaster of America, Inc., on the grounds that they presently are the attorneys for Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter and that they have possession of privileged and confidential information of Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter that bears substantial and identical relationships to the subject matters of this case

4.      In response to the foregoing letters, on September 17, 2007 I received a letter from Mr. Hansen in which he advised me that he and Lathrop & Gage, L.C. are refusing to withdraw as counsel of record for Defendant in this case.

5.      Thereafter, on October 5, 2007, I conferred by telephone with Mr. Hansen, at which time he again advised me that he and Lathrop & Gage, L.C. are refusing to withdraw as counsel of record for Defendant in this case.

6.      A photocopy of the Complaint in this action is annexed hereto as Exhibit "A."

7.      A photocopy of the Amended Answer in this action is annexed hereto as Exhibit "B."

8.    Photocopies of the answers to counterclaims of Applied Technology, Fetter & Henderson, and Mr. Fetter are annexed hereto as Exhibit "C."

9.    For all of the foregoing reasons, and for the reasons set forth in the declarations of Brian Hamlin and Mr. Fetter and in the brief of Plaintiff and Counterclaim Defendants, dated October 26, 2007, in connection with the instant motion, it is respectfully submitted that this Court ought to issue an Order disqualifying William R. Hansen, Esq. and Lathrop and Gage, L.C. as counsel of record for Defendant, Watermaster of America, Inc., in this case.


I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: New York, New York
        October 29, 2007


                                        BRUCE D. JOHNSON

.

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
                           :

APPLIED TECHNOLOGY LIMITED,        :
                           :    Index No.
           Plaintiff,        :
                           :
   - against -               :
                           :    **COMPLAINT**
WATERMASTER OF AMERICA, INC.,    :
                           :
          Defendant.      :
                           :
------------------------------------------------------------x

     Plaintiff, Applied Technology Limited, by its attorneys, Johnson & Associates, as and for its Complaint herein, alleges as follows:

### PARTIES

    1.    Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands.

    2.    Upon information and belief, Defendant is a Florida corporation licensed to do business in New York, with an office located in New York County, New York.

### NATURE OF THE ACTION

    3.    This is an action for money damages by reason of breach of contract, account stated, breach of the implied covenants of good faith and fair dealing, unjust enrichment, and common law fraud arising out of Defendant's failures to pay Plaintiff a total amount of $633,130.00 for goods sold to Defendant at its specific request that Plaintiff delivered to Defendant.

## FACTUAL BACKGROUND

4.     Beginning in or about 1986, Plaintiff and Defendant agreed that Plaintiff would deliver bulk packages of patented single point watering caps for controlled addition of water to lead acid batteries used in primarily industrial applications and known as the Watermaster® ("Watermaster® bulk packages") to Defendant on open account and that payment in full would be due from Defendant to Plaintiff within one-hundred eighty (180) days of the date of invoices to be submitted by Plaintiff to Defendant so long as Defendant was not in default of its payment obligations to Plaintiff (the "Contract").

5.     Plaintiff performed all of its obligations under the Contract by, *inter alia*, delivering Watermaster® bulk packages to Defendant from February of 2004 through January of 2007.

6.     Pursuant to the Contract, from February of 2004 through December of 2006, Plaintiff submitted a total of eleven (11) written invoices in the total amount of $1,022,470.00 to Defendant with respect to the Watermaster® bulk packages that it had delivered to Defendant ("the Invoices").

7.     Defendant retained the Invoices and never objected to or disputed the Invoices.

8.     From January 31, 2006 through June 8, 2007, Plaintiff received from Defendant payments totaling the amount of $386,202.00 in partial payment of the Invoices.

9.     Plaintiff credited Defendant the amount of $3,138.00 with respect to Watermaster® bulk packages that Defendant allegedly used as samples but did not sell.

10.     Plaintiff has received no payment from Defendant for the Invoices that it issued to Defendant more than one-hundred eighty days before June 8, 2007.

2

11.    Because Plaintiff has received no payment from Defendant for the Invoices that it issued to Defendant more than one-hundred eighty days before June 8, 2007, the outstanding balances of all of the Invoices become due and owing in full to Plaintiff prior to June 8, 2007.

12.    As of this date, Defendant owes Plaintiff the balance of $633,130.00 for the Watermaster® bulk packages delivered to Defendant pursuant to the Contract.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

13.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "12," above, as though more fully set forth at length herein.

14.    By reason of its failures to pay the aforesaid balance of $633,130.00 owed to Plaintiff, Defendant breached the Contract, without legal excuse or justification.

15.    As a direct and proximate consequence of Defendant's breach of contract, Plaintiff has been injured and damaged in the amount of $633,130.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

16.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "15," above, as though more fully set forth at length herein.

17.    An account was thereby stated and had by and between Plaintiff, on the one hand, and Defendant, on the other hand, in the amount of $633,130.00.

18.    As of this date, Defendant has not paid the balance owed of $633,130.00 on the Invoices, despite due demand for payment having been made of it by Plaintiff.

19.    As a direct and proximate consequence of Defendant's failure to pay the balance owed, Plaintiff has been injured and damaged in the amount of $633,130.00.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR BREACH OF THE IMPLIED
## <u>COVENANTS OF GOOD FAITH AND FAIR DEALING</u>

20.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "19," above, as though more fully set forth at length herein.

21.    Defendant has refused and is continuing to refuse to pay Plaintiff all amounts due and owing to it under the terms of the Contract.

22.    By the foregoing actions, Defendant has breached the covenants of good faith and fair dealing implied in the Contract, without legal excuse or justification.

23.    As a direct and proximate consequence of the foregoing actions of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in excess of $633,130.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>FOR UNJUST ENRICHMENT</u>

24.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "23," above, as though more fully set forth at length herein.

25.    From February of 2004 through January of 2007, Plaintiff delivered Watermaster® bulk packages to Defendant at the specific request of Defendant.

26.    Defendant has refused and is continuing to refuse to pay Plaintiff the fair and reasonable value of the Watermaster® bulk packages delivered to it by Plaintiff.

27.    By reason of the foregoing actions, Defendant has been unjustly enriched.

28.    As a direct and proximate consequence of the foregoing actions of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in

excess of $633,130.00.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR COMMON LAW FRAUD

29.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "28," above, as though more fully set forth at length herein.

30.    Upon information and belief, from a date prior to February 1, 2004 Defendant knew that it would never pay all amounts for which it would become obligated to Plaintiff for Watermaster® bulk packages that would be delivered to it by Plaintiff.

31.    Beginning on or before February 1, 2004, Defendant repeatedly represented to Plaintiff that it would pay Plaintiff in full for Watermaster® bulk packages that would be delivered to it by Plaintiff.

32.    The foregoing representations by Defendant were false and Defendant knew those representations to be false when it made them.

33.    Plaintiff justifiably and reasonably relied upon the foregoing material misrepresentations by Defendant by delivering to Defendant Watermaster® bulk packages having a fair and reasonable value of not less than $1,022,470.00.

34.    As of this date, Defendant has received payments totaling only $386,202.00 from Defendant in payment for the Watermaster® bulk packages that Plaintiff delivered to Defendant.

35.    As a direct and proximate consequence of Plaintiff's good faith reliance upon the foregoing material misrepresentations of Defendant, Plaintiff has been injured and damaged in an amount yet to be determined but believed to be in excess of $633,130.00.

**WHEREFORE**, Plaintiff, Applied Technology Limited, prays for judgment against Defendant, Watermaster of America, Inc., as follows:

1.    Against Defendant on the first cause of action in the amount of $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

2.    Against Defendant on the second cause of action in the amount of $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

3.    Against Defendant on the third cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

4.    Against Defendant on the fourth cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates;

5.    Against Defendant on the fifth cause of action in an amount not less than $633,130.00, together with interest thereon at the statutory rate of 9% per annum from the relevant dates.

Dated: New York, New York
       June 15, 2007

JOHNSON & ASSOCIATES

By:  Bruce D. Johnson

*Attorneys for Plaintiff*
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100

6

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APPLIED TECHNOLOGY LIMITED,

                Plaintiff,

      -v-

WATERMASTER OF AMERICA, INC.

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x      07 Civ 6620 (LTS)

WATERMASTER OF AMERICA, INC.

                Counter-Plaintiff,

      -v-

APPLIED TECHNOLOGY LIMITED, JOHN FETTER,
and FETTER & HENDERSON LTD

                Counter-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AMENDED ANSWER AND COUNTERCLAIMS
## OF DEFENDANT WATERMASTER OF AMERICA, INC.

Defendant WATERMASTER OF AMERICA, INC. ("Watermaster") responds to the

Complaint of Applied Technology Limited as follows:

### AS TO "PARTIES"

1.      As for Paragraph 1 of the Complaint, Watermaster admits that Plaintiff is a

corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown

dependency, with its offices located in Jersey, the Channel Islands.

2.     As for Paragraph 2 of the Complaint, Watermaster admits that it is a Florida corporation licensed to do business in New York, with an office located in New York County, New York.

## AS TO "NATURE OF THE ACTION"

3.     Watermaster denies each and every allegation made in Paragraph 3 of the Complaint.

## AS TO "FACTUAL BACKGROUND"

4.     Watermaster denies the allegations made in Paragraph 4 of the Complaint.

5.     Watermaster denies the allegations made in Paragraph 5 of the Complaint.

6.     Watermaster denies the allegations made in Paragraph 6 of the Complaint.

7.     Watermaster denies the allegations made in Paragraph 7 of the Complaint.

8.     Watermaster denies the allegations made in Paragraph 8 of the Complaint.

9.     Watermaster denies the allegations made in Paragraph 9 of the Complaint.

10.    Watermaster denies the allegations made in Paragraph 10 of the Complaint.

11.    Watermaster denies the allegations made in Paragraph 11 of the Complaint.

12.    Watermaster denies the allegations made in Paragraph 12 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION

13.    In response to Paragraph 13 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.    Watermaster denies the allegations made in Paragraph 14 of the Complaint.

15.    Watermaster denies the allegations made in Paragraph 15 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

16.    In response to Paragraph 16 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.    Watermaster denies the allegations made in Paragraph 17 of the Complaint.

18.    Watermaster denies the allegations made in Paragraph 18 of the Complaint.

19.    Watermaster denies the allegations made in Paragraph 19 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

20.    In response to Paragraph 20 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Watermaster denies the allegations made in Paragraph 21 of the Complaint.

22.    Watermaster denies the allegations made in Paragraph 22 of the Complaint.

23.    Watermaster denies the allegations made in Paragraph 23 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

24.    In response to Paragraph 24 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.    Watermaster denies the allegations made in Paragraph 25 of the Complaint.

26.    Watermaster denies the allegations made in Paragraph 26 of the Complaint.

27.    Watermaster denies the allegations made in Paragraph 27 of the Complaint.

28.    Watermaster denies the allegations made in Paragraph 28 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

29.    In response to Paragraph 29 of the Complaint, Watermaster repeats and realleges each of the foregoing responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Watermaster denies the allegations made in Paragraph 30 of the Complaint.

31.    Watermaster denies the allegations made in Paragraph 31 of the Complaint.

32.    Watermaster denies the allegations made in Paragraph 32 of the Complaint.

33.    Watermaster denies the allegations made in Paragraph 33 of the Complaint.

34.    Watermaster denies the allegations made in Paragraph 34 of the Complaint.

35.    Watermaster denies the allegations made in Paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

36.     The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

37.     The claims of the Complaint are barred under the doctrines of unclean hands, waiver, estoppel and/or laches.

## COUNTERCLAIMS

38.     Counterclaimant Watermaster of America, Inc. ("Watermaster"), for its Counterclaims against counterclaim defendants Applied Technology Limited, John Fetter, and Fetter & Henderson Ltd. ("Counterclaim Defendants"), hereby avers as follows:

### JURISDICTION

39.     These Counterclaims are brought pursuant to Rule 13 of the Federal Rules of Civil Procedure.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that this action is between citizens of a foreign country and New York and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  Venue properly lies in this District under 28 U.S.C. §§ 1391 (b)(2) – (3) and (c).

### PARTIES

40.     Counterclaimant Watermaster is a corporation organized and existing under the laws of Florida with its principal place of business at 400 East 77th Street, Suite 6E, New York, NY 10021.

41.    Upon information and belief, counterclaim defendant Applied Technology Limited is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands. Upon information and belief, Applied Technology Limited is a "shell" corporation which receives monies on behalf of Fetter & Henderson Ltd and makes payments to Fetter & Henderson Ltd. Upon information and belief, Mr. John Fetter is a director of Applied Technology Ltd.

42.    Upon information and belief, counterclaim defendant Fetter & Henderson Ltd. is a privately held company organized under the laws of the Republic of South Africa and is owned and operated by Mr. John Fetter. Upon information and belief, Fetter & Henderson Ltd., an affiliate of Applied Technology Limited, has its principal place of business in Johannesburg, South Africa.

43.    Upon information and belief, counterclaim defendant Mr. John Fetter owns and operates Fetter & Henderson Ltd. Mr. Fetter receives payment through Fetter & Henderson Ltd., which in turn receives payment from Applied Technology Limited. Mr. Fetter resides in Johannesburg, South Africa.

44.    All three Counterclaim Defendants do substantial business in the United States and in this District.

## BACKGROUND

45.    Watermaster offers for sale and sells Watermaster® devices, comprising, *inter alia*, battery watering caps for controlled addition of water to lead acid batteries in the United States ("Watermaster Business").

46.     Beginning in or about 1985, Watermaster organized and began operating its Watermaster Business which purchased for distribution and sale certain battery watering caps from Counterclaim Defendants.

47.     Throughout 1985 to the present, Watermaster owned and operated the Watermaster Business in the United States, Canada and Mexico by, *inter alia*, developing advertising, distribution networks, and customer contacts.  By its efforts, Watermaster owns and operates a valuable business in North America.

48.     Upon information and belief, thoughout this period, the battery watering caps puchased by Watermaster and sold were manufactured in South Africa at the direction of Mr. John Fetter and shipped from Fetter & Henderson's location in Johannesburg, South Africa to Watermaster in the United States.

49.     Since at least 1985, Counterclaim Defendants have regularly supplied battery watering caps to Watermaster and Watermaster has made regular payments to Counterclaim Defendants at the direction of Mr. John Fetter.

50.     Since at least the mid-1990s, sales invoices for the battery watering caps purchased by Watermaster from Counterclaim Defendants have been issued on Applied Technology Limited's letterhead but have been issued via facsimile and mail by Mr. John Fetter from Fetter & Henderson's location in Republic of South Africa.

51.     All Air Waybills associated with shipments of the battery watering caps indicate that Fetter & Henderson in the Republic of South Africa is the shipper of goods to Watermaster.

52.    All business related inquiries by Watermaster to the Counterclaim Defendants have been made to John Fetter who has addressed such inquiries on behalf of all the Counterclaim Defendants.

## FIRST COUNTERCLAIM:
## BREACH OF CONTRACT

53.    Watermaster repeats and realleges paragraphs 1 through 52 as if fully set forth herein.

54.    For each shipment of battery caps made by Counterclaim Defendants into the United States, Counterclaim Defendants credited Watermaster with a $0.75 royalty on each cap, representing a sales commission to encourage sales into North America and to offset the expenses of Watermaster in the marketplace.

55.    Counterclaim Defendants made payments to Watermaster of the $0.75 royalty on all battery watering caps sold through a period ending on or about July 1, 1992.

56.    Since the last payment made on or about July 1, 1992, Counterclaim Defendants continued to credit Watermaster a $0.75 royalty as a sales commission on battery watering caps sold into the United States.

57.    In recognition of the outstanding sales commission, Watermaster made payments to Counterclaim Defendants on outstanding invoices including a payment made as recently as June 30, 2007.

58.     Since 1992, Counterclaim Defendants have credited but not paid Watermaster sales commission in the amount of approximately $1,000,000.00, together with interest calculated therefrom.

59.     Upon commencement of this litigation, demand is hereby made upon Counterclaim Defendants for all unpaid sales commission, to be set off against any and all outstanding amounts claimed by Applied Technology Ltd.

## SECOND COUNTERCLAIM:
## BREACH OF IMPLIED WARRANTY

60.     Watermaster repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61.     Since at least the year 2000, Counterclaim Defendants have shipped to Watermaster defectively manufactured battery watering caps.

62.     As a result of the defects found in the battery watering caps at the time of shipment to Watermaster, certain battery watering caps were not fit for their ordinary use in the marketplace.

63.     Since at least the year 2000, Watermaster has incurred losses arising out of reduced sales due to existing defects found in the battery watering caps manufactured by Counterclaim Defendants.

64.     Since at least the year 2000, Watermaster has incurred reduced sales due to existing defects found in the battery watering caps manufactured by Counterclaim Defendants.

Counterclaim Defendants have failed to cure those defects despite repeated requests by Watermaster to address specific problems.

65.    Counterclaim Defendants have failed to cure those defects despite repeated requests by Watermaster to address specific problems.

66.    By reasons of the foregoing, Watermaster has been damaged in an amount not yet identified but believed to be in excess of $75,000.

### THIRD COUNTERCLAIM:
### TORTIOUS INTERFERENCE
### WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

67.    Watermaster repeats and realleges paragraphs 1 through 66 of the counterclaims as if fully set forth herein.

68.    By 1995, Watermaster had created a strong market for WATERMASTER® battery caps and related devices including the WATERGENIUS® electronic control system. Watermaster is the owner of U.S. Trademark Reg. No. 1,454,984 for the WATERMASTER® trademark and U.S. Trademark Reg. No. 1,816,738 for the WATERGENIUS® trademark, which remain in full force and effect and are uncontestable as a matter of law.

69.    Upon information and belief, the Counterclaim Defendants were made aware by Watermaster that a new, "next generation" design of a battery cap was and is needed for sale in North America. Despite claiming to have developed such a new battery cap, Counterclaim Defendants deliberately failed to provide such replacement battery watering cap to Watermaster for sale in the U.S., Canada and Mexico.

70.    Watermaster has incurred losses arising out of Counterclaim Defendants' refusal to sell to Watermaster a replacement battery cap device that would be able to compete with the "nesxt generation" industry cap design manufactured and sold by Watermaster's competitors in the United States, Canada and Mexico.

71.    Within the last year, in further effort to undermine the Watermaster Business, counterclaim defendant John Fetter intentionally made false and misleading statements to at least one United States vendor concerning Watermaster's ownership of the WATERGENIUS® product in efforts to injure Watermaster's sale of the WATERGENIUIS® products.

72.    Watermaster has incurred losses resulting from Counterclaim Defendants' attempts to harm Watermaster's sale of WATERGENIUS® products which are complimentary to the battery watering caps in efforts to injure Watermaster's sale of the WATERGENIUS® products.

73.    Over the last several years, the Counterclaim Defendants have interfered with Watermaster's prospective business advantage by misdirecting orders of customers and by interfering with Watermaster's established business relationships with its vendors and other customers.

74.    By failing to provide the "next generation" of battery caps and by interfering with the Watermaster Business, Counterclaim Defendants have injured the prospective business advantage of Watermaster and have attempted to divert away sales from Watermaster.

75.    By reasons of the foregoing, Watermaster has been damaged in an amount not yet identified but believed to be in excess of $1,000,000.00.

## FOURTH COUNTERCLAIM:
### DEFAMATION

76.     Watermaster repeats and realleges paragraphs 1 through 75 of the counterclaims as if fully set forth herein.

77.     On or about August 13, 2007, Counterclaim Defendant John Fetter, acting on behalf of the two corporate Counterclaim Defendants, issued a written communication containing a false and defamatory statement to at least one Watermaster vendor alleging that Watermaster "unlawfully pocketed" Counterclaim Defendants' funds.

78.     The statement made by John Fetter that Watermaster's owner "unlawfully pocketed" funds is both knowingly false and intentionally defamatory.

79.     Upon information and belief, Watermaster has been injured as a result of the false and defamatory statement made against Watermaster's owner in an amount not less than $75,000.

WHEREFORE, Defendant WATERMASTER OF AMERICA, INC. requests that this Court grant judgment in favor of Watermaster and against Counterclaim Defendants, both dismissing the Complaint with prejudice, and entry of judgment against Counterclaim Defendants on the First, Second, Third and Fourth Counterclaims, together with attorneys fees payable to Watermaster.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant/Counterclaim Plaintiff demands a trial by jury.

Dated: New York, New York
      August 20, 2007
                                   Respectfully submitted,

                                   */s/ William R. Hansen*
                                   William R. Hansen (WH-6446)
                                   Bernadette McGlynn Reilly (BR-4117)
                                   LATHROP & GAGE L.C.
                                   230 Park Avenue, Suite 1847
                                   New York, New York 10169
                                   (212) 850-6220
                                   Fax:  (212) 850-6221

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August 2007, I electronically filed the foregoing **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT WATERMASTER OF AMERICA, INC.** with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF Participant:

> Bruce D. Johnson, Esq.
> Johnson & Associates
> 950 Third Avenue
> New York, NY 10022

Dated: New York, New York
August 20, 2007

Respectfully submitted,

/s/ Bernadette McGlynn Reilly
William R. Hansen (WH-6446)
Bernadette McGlynn Reilly (BR-4117)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220
Fax: (212) 850-6221

EXHIBIT C

Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff, Applied Technology Limited

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APPLIED TECHNOLOGY LIMITED, | 07 CV 6620 (LTS) |
| Plaintiff, | |
| - against - | |
| WATERMASTER OF AMERICA, INC., | |
| Defendant. | |
| WATERMASTER OF AMERICA, INC. | |
| Counter-Plaintiff, | |
| - against - | |
| APPLIED TECHNOLOGY LIMITED, JOHN FETTER, and FETTER & HENDERSON LTD | |
| Counter-Defendants. | |

## REPLY TO COUNTERCLAIMS AGAINST
## PLAINTIFF APPLIED TECHNOLOGY LIMITED

Plaintiff, Applied Technology Limited, by its attorneys, Johnson & Associates, replies to

the Counterclaims of Defendant Watermaster of America, Inc. as follows:

1.      Admits the allegations set forth in paragraph numbered "40" of the

Counterclaims.

1

2.      Denies each and every allegation against Plaintiff set forth in paragraph numbered "41" of the Counterclaims, except admits that Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands.

3.      Denies each and every allegation against Plaintiff set forth in paragraph numbered "42" of the Counterclaims, admits, upon information and belief, that Counterclaim Defendant Fetter & Henderson Ltd. is a company existing under the laws of the Republic of South Africa with an office located in Johannesburg, South Africa, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "42" of the Counterclaims.

4.      Denies each and every allegation against Plaintiff set forth in paragraph numbered "43" of the Counterclaims, except admits that Plaintiff purchases certain products from Counterclaim Defendant Fetter & Henderson Ltd., admits, upon information and belief, that Counterclaim Defendant John Fetter has an office located in Johannesburg, South Africa, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "43" of the Counterclaims.

5.      Denies each and every allegation against Plaintiff set forth in paragraph numbered "44" of the Counterclaims and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "44" of the Counterclaims.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "45" of the Counterclaims.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "46" of the Counterclaims, except admits that

2

Plaintiff sold certain products to Defendant, as set forth in the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "47" of the Counterclaims.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "48" of the Counterclaims, except admits that Plaintiff shipped certain products that it purchased from Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa to Defendant in New York and admits, upon information and belief, that those products were manufactured in the Republic of South Africa.

10.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "49" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has shipped certain products to Defendant in New York and that Defendant has made sporadic and partial payments to Plaintiff for some of those products pursuant to invoices that Plaintiff has issued to Defendant.

11.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "50" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has issued invoices to Defendant and admits that invoices from Plaintiff to Defendant have been issued to Defendant at Plaintiff's request and direction by Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa in order to expedite delivery of the products that Plaintiff has sold to Defendant.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "51" of the Counterclaims, except admits that Plaintiff shipped certain products that it purchased from Counterclaim Defendant Fetter & Henderson Ltd. from the Republic of South Africa to Defendant in New York.

3

13.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "52" of the Counterclaims.

14.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "13," above, as though more fully set forth at length herein.

15.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "54" of the Counterclaims.

16.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "55" of the Counterclaims.

17.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "56" of the Counterclaims.

18.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "57" of the Counterclaims, except admits that Defendant made sporadic and partial payments to Plaintiff pursuant to invoices that Plaintiff issued to Defendant, which invoices Defendant retained and did not dispute.

19.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "58" of the Counterclaims.

20.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "59" of the Counterclaims.

21.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "20," above, as though more fully set forth at length herein.

22.     Denies each and every allegation against Plaintiff set forth in paragraph numbered "61" of the Counterclaims.

23.     Denies each and every allegation against Plaintiff set forth in paragraph numbered

4

"62" of the Counterclaims.

    24.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "63" of the Counterclaims.

    25.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "64" of the Counterclaims.

    26.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "65" of the Counterclaims.

    27.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "66" of the Counterclaims.

    28.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "27," above, as though more fully set forth at length herein.

    29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "68" of the Counterclaims.

    30.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "69" of the Counterclaims.

    31.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "70" of the Counterclaims.

    32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "71" of the Counterclaims.

    33.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "72" of the Counterclaims.

    34.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "73" of the Counterclaims.

35.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "74" of the Counterclaims.

36.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "75" of the Counterclaims.

37.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "36," above, as though more fully set forth at length herein.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "77" of the Counterclaims, denies that Counterclaim Defendant John Fetter had authority to publish defamatory statements on behalf of Plaintiff, and avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "78" of the Counterclaims, avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification, and avers that "Watermaster's owner" is not a party to the instant action.

40.    Denies each and every allegation against Plaintiff set forth in paragraph numbered "79" of the Counterclaims and avers that "Watermaster's owner" is not a party to the instant action.

## AFFIRMATIVE DEFENSES

41.    The Counterclaims fail to state a cause of action against Plaintiff upon which relief may be granted.

42.    All of the claims in the Counterclaims against Plaintiff are barred by the doctrines of waiver and estoppel.

43.    Plaintiff pleads truth as an absolute defense to the allegations of defamation in the Fourth Counterclaim.


**WHEREFORE**, Plaintiff, Applied Technology Limited, prays for judgment against Defendant, Watermaster of America, Inc., dismissing the Counterclaims against it with prejudice and for such other and further relief as may be just and proper.


Dated: New York, New York
      August 30, 2007

                            Bruce D. Johnson (BJ0375)

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of August 2007, I electronically filed the foregoing Plaintiff Applied Technology Limited's Reply to Counterclaims with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system and that a true copy of the foregoing Plaintiff Applied Technology Limited's Reply to Counterclaims was mailed this 30th day of August, 2007, by first class United States mail, to the following counsel of record:

>   William R. Hansen, Esq.
>   Lathrop & Gage, L.C.
>   230 Park Avenue, Suite 1847
>   New York, New York 10169

>   Bruce D. Johnson (BJ0375)
>   Attorney for Plaintiff, Applied Technology Limited
>   Johnson & Associates
>   950 Third Avenue, Suite 2602
>   New York, New York 10022
>   (212) 808-9100
>   (212) 808-5536 facsimile

Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson
(Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

          Plaintiff,

   - against -

WATERMASTER OF AMERICA, INC.,

          Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

          Counter-Plaintiff,

   - against -

APPLIED TECHNOLOGY LIMITED, JOHN
FETTER, and FETTER & HENDERSON LTD

          Counter-Defendants.

---

## REPLY TO COUNTERCLAIMS AGAINST
## COUNTERCLAIM DEFENDANT FETTER & HENDERSON (PTY) LTD.

Counterclaim Defendant, Fetter & Henderson (Pty) Ltd. ("Fetter & Henderson (Pty)

Ltd."), by its attorneys, Johnson & Associates, replies to the Counterclaims of Defendant

Watermaster of America, Inc. as follows:

1

1.    Admits the allegations set forth in paragraph numbered "40" of the Counterclaims.

2.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "41" of the Counterclaims, except admits, upon information and belief, that Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands and admits that Plaintiff pays Fetter & Henderson (Pty) Ltd. for products that it purchases from Fetter & Henderson (Pty) Ltd.

3.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "42" of the Counterclaims, except admits that Fetter & Henderson (Pty) Ltd. is a privately held company registered to do business under the laws of the Republic of South Africa, with its offices located in Johannesburg, South Africa, and that John Fetter is a director, officer and shareholder of Fetter & Henderson (Pty) Ltd.

4.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "43" of the Counterclaims, except admits that that John Fetter is a director, officer and shareholder of Fetter & Henderson (Pty) Ltd., that John Fetter receives compensation from Fetter & Henderson (Pty) Ltd., and that Plaintiff pays Fetter & Henderson (Pty) Ltd. for products that it purchases from Fetter & Henderson (Pty) Ltd..

5.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "44" of the Counterclaims and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "44" of the Counterclaims.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the

2

allegations set forth in paragraph numbered "45" of the Counterclaims.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "46" of the Counterclaims, except admits that Plaintiff sold certain products to Defendant, as set forth in the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "47" of the Counterclaims.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "48" of the Counterclaims, except admits that Fetter & Henderson (Pty) Ltd. manufactured certain products that Plaintiff sold to Defendant, that Fetter & Henderson (Pty) Ltd. shipped those products from the Republic of South Africa to Defendant in New York at the request of Plaintiff, and that those products were manufactured in the Republic of South Africa.

10.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "49" of the Counterclaims.

11.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "50" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has issued invoices to Defendant and admits that invoices from Plaintiff to Defendant have been issued to Defendant at Plaintiff's request and direction by Fetter & Henderson (Pty) Ltd. from the Republic of South Africa in order to expedite delivery of the products that Plaintiff has sold to Defendant.

12.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "51" of the Counterclaims, except admits that, at Plaintiff's request and direction, Fetter & Henderson (Pty) Ltd. shipped certain products that Plaintiff purchased from

Fetter & Henderson (Pty) Ltd. from the Republic of South Africa to Defendant in New York.

13.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "52" of the Counterclaims.

14.     Counterclaim Defendant Fetter & Henderson (Pty) Ltd. incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "13," above, as though more fully set forth at length herein.

15.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "54" of the Counterclaims.

16.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "55" of the Counterclaims.

17.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "56" of the Counterclaims.

18.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "57" of the Counterclaims.

19.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "58" of the Counterclaims.

20.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "59" of the Counterclaims.

21.     Counterclaim Defendant Fetter & Henderson (Pty) Ltd. incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "20," above, as though more fully set forth at length herein.

22.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "61" of the Counterclaims.

23.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "62" of the Counterclaims.

24.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "63" of the Counterclaims.

25.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "64" of the Counterclaims.

26.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "65" of the Counterclaims.

27.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "66" of the Counterclaims.

28.     Counterclaim Defendant Fetter & Henderson (Pty) Ltd. incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "27," above, as though more fully set forth at length herein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "68" of the Counterclaims.

30.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "69" of the Counterclaims.

31.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "70" of the Counterclaims.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "71" of the Counterclaims.

33.     Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "72" of the Counterclaims.

34.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "73" of the Counterclaims.

35.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "74" of the Counterclaims.

36.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "75" of the Counterclaims.

37.    Counterclaim Defendant Fetter & Henderson (Pty) Ltd. incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "36," above, as though more fully set forth at length herein.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "77" of the Counterclaims, denies that Counterclaim Defendant John Fetter had authority to publish defamatory statements on behalf of Fetter & Henderson (Pty) Ltd., and avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "78" of the Counterclaims, avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification, and avers that "Watermaster's owner" is not a party to the instant action.

40.    Denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "79" of the Counterclaims and avers that "Watermaster's owner" is not a party to the instant action.

## AFFIRMATIVE DEFENSES

41.    The Counterclaims fail to state a cause of action against Fetter & Henderson (Pty)

Ltd. upon which relief may be granted.

42.     All of the claims in the Counterclaims against Fetter & Henderson (Pty) Ltd. are barred by the doctrines of waiver and estoppel.

43.     Fetter & Henderson (Pty) Ltd. pleads truth as an absolute defense to the allegations of defamation in the Fourth Counterclaim.


**WHEREFORE**, Counterclaim Defendant, Fetter & Henderson (Pty) Ltd., prays for judgment against Defendant, Watermaster of America, Inc., dismissing the Counterclaims against it with prejudice and for such other and further relief as may be just and proper.


Dated: New York, New York
        September 13, 2007


                    Bruce D. Johnson (BJ0375)

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 13th day of September, 2007, I electronically filed the foregoing Counterclaim Defendant Fetter & Henderson (Pty) Ltd.'s Reply to Counterclaims with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system and that a true copy of the foregoing Counterclaim Defendant Fetter & Henderson (Pty) Ltd.'s Reply to Counterclaims was mailed this 13th day of September, 2007, by first class United States mail, to the following counsel of record:

      William R. Hansen, Esq.
      Lathrop & Gage, L.C.
      230 Park Avenue, Suite 1847
      New York, New York 10169

                              Bruce D. Johnson (BJ0375)
                              Attorney for Plaintiff Applied Technology Limited
                              and Counterclaim Defendants Fetter & Henderson
                              (Pty) Ltd. and John Fetter
                              Johnson & Associates
                              950 Third Avenue, Suite 2602
                              New York, New York 10022
                              (212) 808-9100
                              (212) 808-5536 facsimile

Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson
(Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

APPLIED TECHNOLOGY LIMITED,

               Plaintiff,

   - against -

WATERMASTER OF AMERICA, INC.,

               Defendant.

_____

WATERMASTER OF AMERICA, INC.

               Counter-Plaintiff,

   - against -

APPLIED TECHNOLOGY LIMITED, JOHN
FETTER, and FETTER & HENDERSON LTD

               Counter-Defendants.

_____

07 CV 6620 (LTS)

## REPLY TO COUNTERCLAIMS AGAINST
## COUNTERCLAIM DEFENDANT JOHN FETTER

     Counterclaim Defendant, John Fetter ("Mr. Fetter"), by his attorneys, Johnson &

Associates, replies to the Counterclaims of Defendant Watermaster of America, Inc. as follows:

     1.    Admits the allegations set forth in paragraph numbered "40" of the

Counterclaims.

2.      Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "41" of the Counterclaims, except admits, upon information and belief, that Plaintiff is a corporation formed and licensed to do business in the Bailiwick of Jersey, a British Crown dependency, with its offices located in Jersey, the Channel Islands and admits that Plaintiff pays Fetter & Henderson (Pty) Ltd. for products that it purchases from Fetter & Henderson (Pty) Ltd.

3.      Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "42" of the Counterclaims, except admits that Fetter & Henderson(Pty) Ltd. is a privately held company registered to do business under the laws of the Republic of South Africa, with its offices located in Johannesburg, South Africa, and that Mr. Fetter is a director, officer and shareholder of Fetter & Henderson (Pty) Ltd.

4.      Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "43" of the Counterclaims, except admits that that Mr. Fetter is a director, officer and shareholder of Fetter & Henderson (Pty) Ltd., that Mr. Fetter receives compensation from Fetter & Henderson (Pty) Ltd., and that Plaintiff pays Fetter & Henderson (Pty) Ltd. for products that it purchases from Fetter & Henderson (Pty) Ltd.

5.      Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "44" of the Counterclaims, denies each and every allegation against Fetter & Henderson (Pty) Ltd. set forth in paragraph numbered "44" of the Counterclaims, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph numbered "44" of the Counterclaims.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "45" of the Counterclaims.

2

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "46" of the Counterclaims, except admits that Plaintiff sold certain products to Defendant, as set forth in the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "47" of the Counterclaims.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "48" of the Counterclaims, except admits that Fetter & Henderson (Pty) Ltd. manufactured certain products that Plaintiff sold to Defendant, that Fetter & Henderson (Pty) Ltd. shipped those products from the Republic of South Africa to Defendant in New York at the request of Plaintiff, and that those products were manufactured in the Republic of South Africa.

10.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "49" of the Counterclaims.

11.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "50" of the Counterclaims, except admits that, since in or about 1986, Plaintiff has issued invoices to Defendant and admits that invoices from Plaintiff to Defendant have been issued to Defendant at Plaintiff's request and direction by Fetter & Henderson (Pty) Ltd. from the Republic of South Africa in order to expedite delivery of the products that Plaintiff has sold to Defendant.

12.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "51" of the Counterclaims, except admits that, at Plaintiff's request and direction, Fetter & Henderson (Pty) Ltd. shipped certain products that Plaintiff purchased from Fetter & Henderson (Pty) Ltd. from the Republic of South Africa to Defendant in New York.

3

13.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "52" of the Counterclaims.

14.    Counterclaim Defendant John Fetter incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "13," above, as though more fully set forth at length herein.

15.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "54" of the Counterclaims.

16.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "55" of the Counterclaims.

17.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "56" of the Counterclaims.

18.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "57" of the Counterclaims.

19.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "58" of the Counterclaims.

20.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "59" of the Counterclaims.

21.    Counterclaim Defendant John Fetter incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "20," above, as though more fully set forth at length herein.

22.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "61" of the Counterclaims.

23.    Denies each and every allegation against Mr. Fetter set forth in paragraph

numbered "62" of the Counterclaims.

24.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "63" of the Counterclaims.

25.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "64" of the Counterclaims.

26.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "65" of the Counterclaims.

27.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "66" of the Counterclaims.

28.    Counterclaim Defendant John Fetter incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "27," above, as though more fully set forth at length herein.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "68" of the Counterclaims.

30.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "69" of the Counterclaims.

31.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "70" of the Counterclaims.

32.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "71" of the Counterclaims.

33.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "72" of the Counterclaims.

34.    Denies each and every allegation against Mr. Fetter set forth in paragraph

numbered "73" of the Counterclaims.

35.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "74" of the Counterclaims.

36.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "75" of the Counterclaims.

37.    Counterclaim Defendant John Fetter incorporates by reference each and every allegation set forth in paragraphs numbered "1" through "36," above, as though more fully set forth at length herein.

38.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "77" of the Counterclaims.

39.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "78" of the Counterclaims and avers that Defendant has failed and refused to pay amounts that it owes to Plaintiff, without legal excuse or justification, and avers that "Watermaster's owner" is not a party to the instant action.

40.    Denies each and every allegation against Mr. Fetter set forth in paragraph numbered "79" of the Counterclaims and avers that "Watermaster's owner" is not a party to the instant action.

## AFFIRMATIVE DEFENSES

41.    This Court lacks personal jurisdiction over Mr. Fetter.

42.    The Counterclaims fail to state a cause of action against Mr. Fetter upon which relief may be granted.

43.    All of the claims in the Counterclaims against Mr. Fetter are barred by the doctrines of waiver and estoppel.

44.    Mr. Fetter pleads truth as an absolute defense to the allegations of defamation in the Fourth Counterclaim.


**WHEREFORE**, Counterclaim Defendant, John Fetter, prays for judgment against Defendant, Watermaster of America, Inc., dismissing the Counterclaims against him with prejudice and for such other and further relief as may be just and proper.


Dated: New York, New York
          September 13, 2007

                                              Bruce D. Johnson (BJ0375)

7

## CERTIFICATE OF SERVICE

I hereby certify that, on the 13th day of September, 2007, I electronically filed the foregoing Counterclaim Defendant John Fetter's Reply to Counterclaims with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system and that a true copy of the foregoing Counterclaim Defendant John Fetter's Reply to Counterclaims was mailed this 13th day of September, 2007, by first class United States mail, to the following counsel of record:

    William R. Hansen, Esq.
    Lathrop & Gage, L.C.
    230 Park Avenue, Suite 1847
    New York, New York 10169

                    Bruce D. Johnson (BJ0375)
                    Attorney for Plaintiff Applied Technology Limited
                    and Counterclaim Defendants Fetter & Henderson
                    (Pty) Ltd. and John Fetter
                    Johnson & Associates
                    950 Third Avenue, Suite 2602
                    New York, New York 10022
                    (212) 808-9100
                    (212) 808-5536 facsimile