EXHIBIT E

### 602.01 Powers of Attorney

*37 C.F.R. §2.17(c). To be recognized as a representative, an attorney as defined in §10.1(c) of this chapter may file a power of attorney, appear in person, or sign a document on behalf of an applicant or registrant that is filed with the Office in a trademark case.*

*37 C.F.R. §2.17(d) A party may file a power of attorney that relates to more than one trademark application or registration, or to all existing and future applications and registrations of that party. A party relying on such a power of attorney must:*

*(1) Include a copy of the previously filed power of attorney; or*

*(2) Refer to the power of attorney, specifying the filing date of the previously filed power of attorney; the application serial number (if known), registration number, or inter partes proceeding number for which the original power of attorney was filed; and the name of the party who signed the power of attorney; or, if the application serial number is not known, submit a copy of the application or a copy of the mark, and specify the filing date.*

Generally, as long as no other attorney or firm has been previously appointed, it is not necessary for an attorney to file a power of attorney or any other special authorization in a trademark case. An attorney meeting the requirements of 37 C.F.R. §10.14 who appears in person or signs a document on behalf of an applicant or registrant will be accepted as the representative of the applicant or registrant. 37 C.F.R. §§2.17(a) and (c). A telephone call from an attorney does not satisfy the "appearance" requirements of 37 C.F.R. §2.17(c). Such an attorney will not be recognized as applicant's/registrant's representative, and he/she cannot authorize amendments to the application/registration by telephone.

If an attorney meeting the requirements of 37 C.F.R. §10.14 files a proper power of attorney from the party he/she represents, the USPTO will accept the power. To be acceptable as a power of attorney, the power must identify an individual attorney(s) by name, not merely specify the name of a law firm. If a power specifies only the name of a law firm, the USPTO will treat it as a correspondence address rather than an authorization to conduct business. *See* **TMEP §§603** *et seq.* regarding the correspondence address.

To expedite processing, the USPTO recommends that powers of attorney be filed through TEAS, at **http://www.uspto.gov/teas/index.html**. When powers of attorney are filed electronically, the data is automatically entered into the USPTO's Trademark Reporting and Monitoring ("TRAM") System.

An attorney cannot sign an original power of attorney on behalf of his/her client. An original power of attorney, other than one associating an additional attorney with an already recognized attorney (*see* **TMEP §602.01(b)**), must be signed by the individual applicant, or by someone with legal authority to bind a juristic applicant (*e.g.*, a corporate officer or partner of a partnership). *See* **TMEP §804.05** regarding signature of documents transmitted electronically.

If a power of attorney is signed by an improper person (*e.g.*, the applicant's attorney) and no other attorney has been previously appointed, the examining attorney generally does not have to require a properly signed power, because the filing of a power of attorney is not mandatory in a trademark case. *See* 37 C.F.R. §2.17(c). However, if an applicant is already represented by an attorney authorized to practice before the USPTO pursuant to 37 C.F.R. §10.14, and a new attorney from a different U.S. firm wishes to take action with respect to the application, the new attorney must file a new power of attorney signed by the applicant before the USPTO will accept filings by or correspond with the new attorney. *See* **TMEP §§602.07 and 603.02(a)**.

If no power of attorney is filed, the USPTO will presume that an attorney meeting the requirements of 37 C.F.R. §10.14 is the attorney of record in an application if: (1) the original application is accompanied by a cover letter or transmittal letter that is signed by an attorney and identifies the name and address of that attorney; (2) the application is filed electronically using TEAS, and an attorney is identified in the attorney information section; or (3) the application is filed by a *pro se* applicant (*i.e.*, an applicant who does not have an attorney who meets the requirements of 37 C.F.R. §10.14), and correspondence is subsequently filed that is signed by an attorney and identifies the name and address of that attorney, either on the correspondence itself or on the transmittal letter that accompanies the correspondence. The USPTO presumes that documents filed by attorneys are authorized to be filed.

The USPTO considers a power of attorney to end with respect to a particular application when the mark is registered, when ownership changes, or when the application is abandoned. *See* **TMEP §602.01(c)** regarding the processing of powers of attorney filed after registration.

If an attorney is suspended or excluded by the Director of the USPTO, a power of attorney should be regarded as void as of the date of suspension or exclusion, and no oral or written communication should be made with the attorney on or after that date. Any correspondence filed by a suspended or excluded attorney should be treated as correspondence filed by an unauthorized person, pursuant to **TMEP §§605.05** *et seq. See*

**TMEP §602.08** for further information about individuals excluded or suspended from practice before the USPTO.

*See also* **TMEP §602.04** regarding revocation of a power of attorney, and **TMEP §§603.02** *et seq.* regarding changes in the correspondence address.

Trademark Manual of Examining Procedure, 5th Ed. (USPTO 2007)