William R. Hansen, Esq. (WH-9446)
Bernadette McGlynn Reilly (BR-4117
Thomas J. FitzGerald, Esq. (TF-2426)
LATHROP & GAGE L.C.
230 Park Avenue, Suite 1847
New York, New York 10169
(212) 850-6220

*Attorneys for Defendant*
*Watermaster of America, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
APPLIED TECHNOLOGY LIMITED,           :        07 CV 6620 (LTS)
                                                      :
              Plaintiff,                              :        **AFFIDAVIT OF ROSALIE SCHINK**
                                                      :        **IN OPPOSITION TO MOTION TO**
     -against-                                        :        **DISQUALIFY WILLIAM R. HANSEN**
                                                      :        **AND LATHROP & GAGE L.C. AS**
WATERMASTER OF AMERICA, INC.,        :        **ATTORNEYS FOR WATERMASTER**
                                                      :        **OF AMERICA, INC.**
              Defendant.                              :
                                                      :
------------------------------------------------------x
                                                      :
WATERMASTER OF AMERICA, INC.,        :
                                                      :
              Counter-Plaintiff,                      :
                                                      :
     -against-                                        :
                                                      :
APPLIED TECHNOLOGY LIMITED,           :
JOHN FETTER and FETTER &              :
HENDERSON, LTD.,                      :
                                                      :
              Counter-Defendants.                     :
                                                      :
------------------------------------------------------x

STATE OF NEW YORK    )
                               ss.:
COUNTY OF NEW YORK  )

ROSALIE SCHINK, being duly sworn, deposes and says:

1. I am President and sole owner of Watermaster of America, Inc. ("Watermaster), and I am fully familiar with the facts and circumstances surrounding within action.

### **Background**

2. William R. Hansen ("Mr. Hansen") has served as Attorney for Watermaster since 1986, when the business stared operating, and in his capacity as Attorney for Watermaster of America, Mr. Hansen has continuously advised and counseled Watermaster and its founder and first President, my late husband, Robert Morris ("Bob Morris") since it was founded. Mr. Hansen was an attorney for my late husband in an even earlier business venture. Mr. Hansen has been advising our businesses since 1982.

3. Since my late husband's passing in 2006, Mr. Hansen has continued to counsel and advise me as President and Owner of Watermaster, as well as on other personal legal matters.

4. Beginning in 1986, John Fetter ("Mr. Fetter") by and through his businesses Applied Technologies, Ltd. and Fetter & Henderson ("F&H") became a business associate of Watermaster. Watermaster and Mr. Fetters' various businesses were always and remain separate and distinct companies. Mr. Fetter was aware that Mr.

Hansen was Bob's lawyer since, at least, 1986 when Mr. Hansen represented Bob Morris in establishing the initial business relationship between Mr. Fetter and Bob.

5. Watermaster distributes and sells industrial battery paraphernalia, including battery caps purchased since 1986, in part, from Mr. Fetter's various companies. Mr. Hansen represented Bob Morris, not John Fetter, during this entire period.

6. On some occasions throughout our years of dealings, Mr. Fetter met with our attorney Mr. Hansen regarding certain issues related to the business between our companies. On each occasion, Mr. Hansen met with or advised Mr. Fetter only at the direction of Bob Morris on matters which also involved Watermaster or other businesses ventures with Bob Morris.

7. With reference to Mr. Fetter's allegations regarding his dealings with Mr. Hansen, at the request of Mr. Fetter, Bob Morris asked Mr. Hansen to meet with Mr. and Dr. Fetter (Mr. Fetter's wife) regarding issues related to emigration. Knowing that emigration was not an area of Mr. Hansen's developed expertise, even Bob Morris suggested that Mr. Hansen may wish to refer Mr. Fetter and his family to another attorney. See the attached correspondence regarding this request and attached as Exhibit "A."

8. In conversation and in correspondence, Mr. Fetter always referred to Mr. Hansen as "your attorney" when addressing Watermaster or "Bob's Attorney" (referring to Robert "Bob" Morris).

## The Present Litigation

9. The present litigation arose from a dispute regarding the payment of royalties by Mr. Fetter and his companies that are due to Watermaster based upon purchase of battery caps by Watermaster from Applied Technology, and equally for other Fetter companies.

10. Prior to the start of this case, on more than one occasion I endeavored to address Mr. Fetter's claims against my company through conversation and to have reasonable negotiations with Mr. Fetter, and I exchanged numerous correspondences with Mr. Fetter in order to avoid costly and burdensome litigation. Correspondence between Watermaster and Mr. Fetter is attached as Exhibit "B." I regularly consulted with Mr. Hansen during this period as the long-time attorney for Watermaster.

11. Mr. Fetter, nevertheless, filed suit against Watermaster in June of 2007.

12. Upon being served with the original complaint against Watermaster in this action in June 2007, I have been in increasing contact with Mr. Hansen and his associate attorneys at the firm of Lathrop & Gage regarding the matters in the present litigation.

13. In conversations with Mr. Hansen and his associates, and without waiving my attorney/client privilege, I reviewed documents from Mr. Hansen's files given to him by my late husband concerning the contested matters between Watermaster and Mr. Fetter and his various companies; and from those explanations of the contested matters, Mr. Hansen and I drafted the Counterclaims in this matter.

14. Some three months after working with Mr. Hansen on the various filings Watermaster was required to make in the prosecution of this case, and after seeking Mr. Hansen's guidance regarding the progress of the case, on September 11, 2007, I received

word form Mr. Hansen that opposing counsel had threatened to attempt to disqualify Mr. Hansen due to some alleged past association with Mr. Fetter. Copies of the letter of Mr. Fetter's attorney were given to me by Mr. Hansen.

15. If Mr. Fetter really believed that Mr. Hansen was his attorney, it was unclear to me then and it remains unclear to me now why Mr. Fetter did not immediately upon learning of Mr. Hansen's involvement in the case in July, 2007 seek to remove Mr. Hansen then. I have invested many hours of my time and a great deal of my company's money in the progress of this case with Mr. Hansen as my long-time trusted adviser and counselor. I believe Mr. Fetter is just trying to make Watermaster spend money to keep Mr. Hansen as its attorney, the fact of which Mr. Fetter was likely aware.

## Concurrent Proceedings

16. The wrongful intent of Mr. Fetter's actions in trying to disqualify Mr. Hansen is confirmed by Mr. Fetter's own attitude toward his own lawyer, William Sapone. On October 25, 2007, Watermaster received service of a Uniform Domain Name Resolution Proceeding ("UDRP") filed on behalf of Applied Technology by William J. Sapone, Esq. ("Mr. Sapone") against Watermaster USA and related to a trademark registered by Applied Technology. The Complaint in the UDRP action is attached as Exhibit "C."

17. Mr. Sapone is a former partner of Mr. Hansen's, and Bob Morris dealt with Messrs. Sapone and Fetter on various intellectual property matters including battery technologies.

5

18. From my past and current experience in dealing with Mr. Sapone, it is clear to me that he possesses a working knowledge of intellectual property law, as demonstrated by his filing a UDRP action against my company.

19. I believe that Mr. Fetter's position that Mr. Hansen currently represents him or his company with regard to the MULTIFIL trademark is wholly unsupportable in light of his demonstrated employment of a capable intellectual property attorney who is also pressing an action against my company.

20. I find it flatly reprehensible and the height of hypocrisy for Mr. Fetter to call for Mr. Hansen's disqualification in one case and then for Mr. Fetter to engage Mr. Sapone, an attorney with whom Watermaster has had substantial past dealings, to press another case against Watermaster. Such a tactic speaks for itself, and speaks volumes.

## Conclusion

21. The removal of Mr. Hansen after these four (4) months of time- and energy-intensive litigation would be extremely harmful and would create a grave prejudice to the progress of my defense against the allegations made by Mr. Fetter as well as to my avenues of redress against the Counterclaim Defendants. Therefore, I respectfully request that Plaintiff's motion to disqualify my attorney, William R. Hansen be denied.

_____
Rosalie Schink

Sworn to before me this
13th day of November, 2007

_____
Notary Public

LAURA K. POLISIN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO6171777
Qualified In New York County
My Commission Expires July 30, 2011