Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson
(Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

_____

APPLIED TECHNOLOGY LIMITED,

                              Plaintiff,

     - against -

WATERMASTER OF AMERICA, INC.,

                              Defendant.

07 CV 6620 (LTS)

_____

WATERMASTER OF AMERICA, INC.

                           Counter-Plaintiff,

     - against -

APPLIED TECHNOLOGY LIMITED, JOHN
FETTER, and FETTER & HENDERSON LTD

                         Counter-Defendants.

_____

**REPLY DECLARATION OF BRUCE D. JOHNSON IN CONNECTION WITH
MOTION TO DISQUALIFY COUNSEL OF RECORD FOR DEFENDANT**

    BRUCE D. JOHNSON hereby declares under penalty of perjury:

1.      I am counsel of record for Plaintiff, Applied Technology Limited, and the other Counterclaim Defendants, Fetter & Henderson (Pty) Ltd. and John Fetter ("Mr. Fetter"), in this case. As such, I am familiar with the facts and circumstances surrounding this case.

2.      I make this reply declaration in connection with the motion by Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter for an Order by this Court disqualifying Defendant's attorneys of record, William R. Hansen, Esq. ("Mr. Hansen") and Lathrop & Gage, L.C. ("Lathrop & Gage").

3.      Coleman Sudol Sapone, P.C. are of counsel to my law firm and I am of counsel to them. I am not now and never have been a "member" of Coleman Sudol Sapone, P.C. I have allowed them to use the conference rooms in my offices at 950 Third Avenue in Manhattan since July of 2001. We also receive mail and service of papers for them at our offices. However, they do not have keys to our offices, electronic access cards for 950 Third Avenue, or access to any of our client files or computer systems. They recently listed me as "Of Counsel" on their letterhead with my permission, accurately reflecting the only relationship that we have with each other.

4.      I have never been to Coleman Sudol Sapone, P.C.'s offices in Bridgeport, Connecticut.[1] I do not have keys to their offices, access to the building in which their offices are located or access to any of their client files or to their computer systems.

5.      The sum and substance of what I know about William J. Sapone, Esq.'s ("Mr. Sapone") contacts with Defendant are contained in the letter from Mr. Sapone that is Exhibit "A" to the Declaration of Thomas J. Fitzgerald, Esq., bearing no date ("Fitzgerald Declaration"). My

---

[1] As best I can recall, I have not been in Bridgeport since 1987.

only contact with Defendant was mailing it courtesy copies of the Summons and Complaint in this case that were served on the New York Secretary of State on July 3, 2007.[2]

6.    Coleman Sudol Sapone, P.C. are not counsel of record for any of the parties in this case and, apparently, are not presently attorneys for Defendant with respect to any matter.

7.    Consequently, it is impossible for me to fathom just what Defendant, Mr. Hansen, Lathrop & Gage, and Mr. Fitzgerald are talking about when they refer to a conflict of interest on my part or to my "law firms." Defendant's brief in opposition to the instant motion ("Defendant's Brief") pp. 4, 17, 18; Fitzgerald Declaration ¶ 6. Those accusations obviously were made out of desperation.

8.    Similarly, the instant motion is not a "litigation ploy." Defendant's Brief pp. 1, 15, 16. This case is a garden variety breach of contract and account stated case, with the usual alternative causes of action. Applied Technology Limited is owed $633,130.00 by Defendant, and was forced to commence this action to recover what it is owed before Defendant could be dissolved. In response, Defendant waited until the last possible day to amend its answer to the complaint, interposing counterclaims against Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter that, *inter alia*, assert claims based upon an arrangement between Applied Technology Limited and the deceased founder of Defendant that admittedly ended fifteen years ago, a breach of implied warranty claim that seeks lost profits because more people did not buy more of the products at issue, a tortious interference claim that is founded on a failure to develop a "next generation" product, and a defamation claim that pleads nothing with specificity. Were Defendant acting in good faith, years ago it would have brought its breach of

---

[2] Plaintiff's and Counterclaim Defendants' brief in support of the instant motion incorrectly gives that date as July 8, 2007, which, of course, was a Sunday. I misread the copy of the affidavit of service that I received by facsimile.

contract claim, which beings in 1992, its breach of implied warrant claim, which begins in 2000, and its tortious interference claim, which begins somewhere between 1995 and the "last several years."

9.      Thus, the only party actually delayed, inconvenienced or prejudiced by the instant motion is Applied Technology Limited, the movant.  It has delayed its own recovery of what it is owed by Defendant.  The sole reason for the instant motion is that Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter all have good faith, *bona fide*, and demonstrable reasons for believing that Mr. Hansen and Lathrop & Gage presently are their attorneys and that Mr. Hansen and Lathrop & Gage already have tainted and intend to further taint the trial in this action by their use of privileged and confidential information that came into their possession through their representation of Fetter & Henderson (Pty) Ltd., and Mr. Fetter.

10.     The instant motion was made only after repeated and extensive searches and reviews of information in the files of Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter.  It was no more delayed than it was made precipitously or without precise foundation.

11.     I can confirm that Mr. Fetter has a highly detailed recollection of the names of everyone to whom he provided privileged and confidential information on September 7, 1999, the times of day when he met and spoke with those people, their locations when he provided that information to those people, the specific information that he provided, the questions that those people asked, the comments that those people made, and the legal advice and counsel that he received from each of those people – especially from Mr. Hansen.  Mr. Fetter's recollection is entirely consistent with what Mr. Hansen wrote in his billing statement dated December 21, 1999

---

However, the receipt from the New York County Clerk shows that the Summons and Complaint were filed on June

and is entirely consistent with Mr. Hansen having used the privileged and confidential information that he received from Mr. Fetter to draft paragraphs numbered "41," "42," "43," "44," "48," "49," "50," "51," "54," "55," "56," and "58" of the Counterclaims.

12.    Prior to filing the instant motion, I repeatedly attempted to convey to Mr. Hansen and Lathrop & Gage (a) the legal grounds upon which a motion to disqualify would be made, (b) their violations of multiple sections of the Code of Professional Responsibility, and (c) that their breaches of their duties to their clients are causing additional monetary damages to Applied Technology Limited and Fetter & Henderson (Pty) Ltd. as to which those clients have rights to seek and may seek redress. Defendant's Brief pp. 16, 17; Declaration of Mr. Hansen, bearing no date ("Hansen Deceleration"), ¶ 19-22. What Mr. Hansen and Lathrop & Gage call rancor and belligerence was, in fact, my concerted efforts to safeguard the rights and interests of my clients against their attacks. That is my duty as their attorney.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: New York, New York
       November 17, 2007

BRUCE D. JOHNSON

22, 2007 at 11:55 A.M.

5