Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson (Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

    Plaintiff,

- against -

WATERMASTER OF AMERICA, INC.,

    Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

    Counter-Plaintiff,

- against -

APPLIED TECHNOLOGY LIMITED, JOHN FETTER, and FETTER & HENDERSON LTD

    Counter-Defendants.

---

**REPLY BRIEF IN SUPPORT OF MOTION OF PLAINTIFF
AND COUNTERCLAIM DEFENDANTS TO
DISQUALIFY COUNSEL OF RECORD FOR DEFENDANT**

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES..................................................................................................ii

ARGUMENT.........................................................................................................................2

      A.      Mr. Hansen's Clients................................................................................4

      B.      Mr. Hansen has Disclosed Attorney-Client Confidences.........................4

      C.      The Proof that Mr. Hansen Received Confidential Information..............5

      D.      Mr. Hansen and Lathrop & Gage Presently Represent
                 Applied Technology Limited, Fetter & Henderson (Pty) Ltd. and Mr. Fetter..........6

      E.      The Agreement to Continued Representation..........................................7

      F.      The Actual and Apparent Conflicts of Interest.........................................7

CONCLUSION.......................................................................................................................9

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                          **PAGE**

*Hickman v. Burlington Bio-Medical Corporation*, 371 F.Supp.2d 225 (E.D.N.Y. 2005)..............9

*Leber Assocs., LLC v. Entm't Group Fund, Inc.*, 2001 U.S. Dist. LEXIS 20352 *11....................6

*T. C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 256 (S.D.N.Y. 1953)................9

Bruce D. Johnson (BJ0375)
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
Attorney for Plaintiff Applied Technology and Counterclaim Defendants Fetter & Henderson (Pty) Ltd. and John Fetter

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

APPLIED TECHNOLOGY LIMITED,

        Plaintiff,

- against -

WATERMASTER OF AMERICA, INC.,

        Defendant.

07 CV 6620 (LTS)

---

WATERMASTER OF AMERICA, INC.

        Counter-Plaintiff,

- against -

APPLIED TECHNOLOGY LIMITED, JOHN FETTER, and FETTER & HENDERSON LTD

        Counter-Defendants.

---

**REPLY BRIEF IN SUPPORT OF MOTION OF PLAINTIFF
AND COUNTERCLAIM DEFENDANTS TO
DISQUALIFY COUNSEL OF RECORD FOR DEFENDANT**

Plaintiff Applied Technology Limited and Counterclaim Defendants Fetter & Henderson (Pty) Ltd. and John Fetter ("Mr. Fetter"), by their attorney, Bruce D. Johnson, Esq., submit this

reply brief in support of their motion for an Order by this Court disqualifying Defendant's attorneys of record, William R. Hansen, Esq. ("Mr. Hansen") and Lathrop & Gage, L.C. ("Lathrop & Gage"), from representing Defendant, Watermaster of America, Inc., in this case.

## ARGUMENT

Despite Defendant's, Mr. Hansen's, and Lathrop & Gage's efforts to unify them into a single organism, Applied Technology Limited, Fetter & Henderson (Pty) Ltd. and Mr. Fetter have not only existences separate and distinct from one another, they also have unique relationships with Mr. Hansen and Lathrop & Gage. Declaration of Mr. Hansen, bearing no date ("Hansen Deceleration"), ¶¶ 2, 4, 5, 8, 11, 12, 15, 16; Affidavit of Rosalie Schink, sworn to November 13, 2007 ("Schink Affidavit"), ¶¶ 4, 5, 9, 10, 11, 13, 19; Defendant's brief in opposition to the instant motion ("Defendant's Brief") pp. 2, 3, 8, 11, 12. With those realities in hand, Defendant's opposition to the instant motion may be summarized into the following points:

  1. Mr. Hansen never represented Mr. Fetter or Fetter & Henderson (Pty) Ltd. because he was, instead, representing the late Robert Morris ("Mr. Morris") when he met with and counseled Mr. Fetter and Fetter & Henderson (Pty) Ltd. on September 7, 1999 (Hansen Deceleration ¶¶ 8, 11; Defendant's Brief p. 3);

  2. Mr. Fetter never disclosed any privileged or confidential information to Mr. Hansen on September 7, 1999 because Mr. Hansen was able to determine from Mr. Morris that Mr. Fetter disclosed the same information to Mr. Morris (Hansen Deceleration ¶ 9; Defendant's Brief p. 3);

  3. Mr. Fetter will never be able to prove that he imparted privileged and confidential information to Mr. Hansen on September 7, 1999 because

Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and he have not waived their attorney-client privileges by disclosing that information in their motion papers (Defendant's Brief pp. 11-15);

4.  Mr. Hansen is not the attorney of record for Applied Technology Limited before the United States Patent and Trademark Office ("USPTO"), despite his having filed a "TEAS Change of Correspondence" with the USPTO with respect to Applied Technology Limited's Multifil trademark on December 30, 2004 (Hansen Declaration ¶ 18; Defendant's Brief pp. 7-9);

5.  Mr. Hansen and Lathrop & Gage did not intend to continue representing Applied Technology Limited, Fetter & Henderson (Pty) Ltd. or Mr. Fetter despite their having obtained written agreement to do so on September 1, 2004, after which Mr. Hansen filed the "TEAS Change of Correspondence" with the USPTO on behalf of Applied Technology Limited and after which, on November 7, 2007, Mr. Hansen and Lathrop & Gage communicated directly with Fetter & Henderson (Pty) Ltd. and Mr. Fetter (Hansen Declaration ¶¶ 15, 16; Defendant's Brief pp. 10, 11; Reply Declaration of John Fetter, dated November 17, 2007) ("Fetter Reply Declaration"), ¶ 23, Exhibit "C"); and

6.  Even if Mr. Hansen and Lathrop & Gage are present counsel for Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter, there is no actual or apparent conflict in their multiple representations (Defendant's Brief pp. 7-9).

3

A.   Mr. Hansen's Clients

Mr. Hansen was fully aware that he needed to obtain the consent of Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter to dual representation of them with Defendant and Mr. Morris, as he demonstrated in the Trojan Battery dispute. Hansen Declaration ¶ 5; Exhibit "A." Thus, it stretches any sense of credulity for Mr. Hansen to claim that he was representing only Mr. Morris on September 7, 1999 when he actively participated in Mr. Fetter and his wife being provided legal advice regarding their possibly establishing residency in the United States. And, all credulity vanishes with Mr. Hansen's assertion that he neither heard nor participated in the discussions on the same date, between Mr. Fetter and other attorneys who Mr. Hansen had brought in to assist him, regarding the business activates and tax matters, both domestic and international, as to which Mr. Fetter and Fetter & Henderson (Pty) Ltd. sought and received legal advice. Fetter Reply Declaration ¶¶ 6, 15. By his denials, Mr. Hansen attempts to eradicate the history that he recorded in his own billing statement that he improperly sent to Mr. Morris.

B.   Mr. Hansen has Disclosed Attorney-Client Confidences

Mr. Hansen feigns that he never received any privileged or confidential information from Mr. Fetter because Mr. Morris already knew all of that information from Mr. Fetter. But, the only way that Mr. Hansen could make such an assessment would have been for him to disclose to Mr. Morris what Mr. Fetter had said during two long meetings on September 7, 1999 and compare that information with what Mr. Morris already knew. Not very cleverly, Mr. Hansen makes that argument by utterly ignoring all of the complex international business and tax law issues that occupied the afternoon meeting on that date, about which Mr. Morris would have had no knowledge, and limiting what he recalls to "emigration." Hansen Declaration ¶¶ 8, 9. Even

as to that purposely narrowed recollection, Mr. Hansen is wrong, for Mr. Morris was aware that Mr. Fetter was seeking advice only about setting up residency in the United States. Fetter Reply Declaration ¶ 14.

    C.    <u>The Proof that Mr. Hansen Received Confidential Information</u>

Mr. Hansen and Lathrop & Gage attempt to take Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter to task for not disclosing the substance of the confidential information that was imparted to Mr. Hansen on September 7, 1999. What was disclosed to Mr. Hansen and the attorneys working with him is privileged attorney-client communications. Mr. Hansen's billing statement, which he improperly provided to Mr. Morris and has equally improperly annexed as an exhibit to his declaration, is documentary proof that more than just immigration law issues were discussed and of the scope of the business and tax law issues that were discussed, and is consistent only with Mr. Fetter's testimony. Hansen Declaration Exhibit "B." Further documentary proof comes in the specific paragraphs of the Counterclaims where that information is utilized by Defendant. Fetter Reply Declaration ¶ 16.

On the one hand is Mr. Hansen's assertion that only "emigration" issues were discussed, and on the other hand is Mr. Hansen's own contradictory billing statement, Mr. Fetter's declaration, and specific allegations in the Counterclaims that are substantially similar and identical to the issues noted in that billing statement and to Mr. Fetter's summary of his privileged recollections. Moreover, Mr. Fetter is willing and prepared to make an *in camera* presentation to this Court of everything that was said during his meetings with Mr. Hansen on September 7, 1999 to prove that the issues during those meetings bear substantially similar and identical relationships to the issues in the identified Counterclaim paragraphs in the Amended Complaint. Fetter Reply Declaration ¶ 5.

  D. Mr. Hansen and Lathrop & Gage Presently Represent
    <u>Applied Technology Limited, Fetter & Henderson (Pty) Ltd. and Mr. Fetter</u>

  Brian Hamlin ("Mr. Hamlin"), the Director of Applied Technology Limited, states unequivocally and from his own knowledge in his declaration that Applied Technology Limited is relying on Mr. Hansen as its attorney of record before the USPTO. Declaration of Mr. Hamlin, dated October 23, 2007, ¶¶ 7, 8. Thus, Mr. Hamlin's declaration has heavy evidentiary weight and has not been rebutted by Mr. Hansen and Lathrop & Gage. Defendant's Brief fn. 2. When the Multifil trademark comes up for renewal, as it absolutely will, Mr. Hansen will be duty bound to notify Applied Technology Limited of that event. To that extent, Mr. Hansen's continuing representation of Applied Technology Limited is completely distinguishable from the circumstances in *Leber Assocs., LLC v. Entm't Group Fund, Inc.*, 2001 U.S. Dist. LEXIS 20352 *11. Defendant's Brief p. 7. Mr. Hansen says nothing about the "TEAS Change of Correspondence" that he filed, choosing to wax instead over the expatriation of the power of attorney that was necessary for the prosecution of the Multifl trademark. Applied Technology Limited does not dispute that Mr. Hansen's power of attorney ended at some time. Its reliance on Mr. Hansen has not.

  Mr. Hansen's and Lathrop & Gage's direct communication with Fetter & Henderson (Pty) Ltd. and Mr. Fetter on November 7, 2007 – or six days before filing their papers in opposition to the instant motion – demonstrates that they presently are representing Fetter & Henderson (Pty) Ltd. and Mr. Fetter. Fetter Reply Declaration ¶ 23; Exhibit "C." Surely, Mr. Hansen and Lathrop & Gage would not be communicating with Fetter & Henderson (Pty) Ltd. and Mr. Fetter after having sued them on behalf of Defendant unless they presently are their attorneys.

E.   The Agreement to Continued Representation

Mr. Hansen and Lathrop & Gage take the position that the September 1, 2004 letter to Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter was nothing more than a marketing device or a termination of their representation by Duane Morris, LLP. Defendant's Brief p. 10. By the second characterization of that letter, Mr. Hansen admits that he continued to represent Applied Technology Limited after the Multifil trademark was issued on June 1, 2004; otherwise there would have been no representation to terminate three months later. Apparently, client representations are a mere convenience for Mr. Hansen and Lathrop & Gage. Without the agreement to continued representation in the future that they sought and received, Mr. Hansen and Lathrop & Gage would have had no authority to add themselves as the attorney of record and correspondent with respect to the Multifil trademark on December 30, 2004, especially because Lathrop & Gage was not involved in the prosecution of that trademark. Strangely, those filings are the only actions they took that they do not explain away as having been directed by Mr. Morris. It stands to reason, then, that Mr. Hansen and Lathrop & Gage are acting under a continuing representation of Applied Technology Limited pursuant to the September 1, 2004 agreement. It also stands to reason that Mr. Hansen and Lathrop & Gage have a continuing representation of Fetter & Henderson (Pty) Ltd. and Mr. Fetter pursuant to the same agreement, entitling them to communicate directly with their opposing parties.

F.   The Actual and Apparent Conflicts of Interest

Having sued Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter on behalf of Defendant, the actual and apartment conflicts faced by Mr. Hansen and Lathrop & Gage are manifest. Mr. Hansen all but admits to having disclosed everything that Mr. Fetter told him in confidence on September 7, 1999 to Mr. Morris and to having made Mr. Morris' client

7

files available to Defendant for the express purpose of formulating the Counterclaims. Schink Affidavit ¶ 13; Defendant's Brief p. 15. And, although Applied Technology Limited is relying on Mr. Hansen to communicate with it regarding notices that Mr. Hansen is certain to receive from the USPTO, Mr. Hansen now denies that he is Applied Technology Limited's attorney of record, apparently for the express purpose of benefiting Defendant to the detriment of Applied Technology Limited. Preservation of the Multifil trademark is an essential part of the business of Applied Technology Limited and is necessary to its continued business dealings in the United States because Defendant holds the Watermaster trademark in the United States. Amended Complaint ¶ 68; Declaration of Thomas J. Fitzgerald, Esq., bearing no date, Exhibit "C."

All of the parties agree that, "[a]n attorney will be disqualified from representing a client where: (1) the party seeking disqualification is a former client of the attorney sought to be disqualified; (2) there exists a substantial relationship between the subject matter of the pending case and counsel's prior representation of the client, and (3) the attorney sought to be disqualified had access, or was likely to have access, to relevant privileged information in the course of his prior representation of the moving client" *Hickman v. Burlington Bio-Medical Corporation*, 371 F.Supp.2d 225, 229 (E.D.N.Y. 2005); *T. C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F. Supp. 256 (S.D.N.Y. 1953). Defendant's Brief pp. 10-11. It is respectfully submitted that Applied Technology Limited, Fetter & Henderson (Pty) Ltd., and Mr. Fetter have met their burden of proving each of those elements with all of the non-privileged information they are able to present on the instant motion and that Mr. Hansen and Lathrop & Gage have utterly failed to rebut their showings.

## CONCLUSION

It is respectfully submitted that, based upon all of the foregoing, the instant motion ought to be granted in its entirety and this Court ought to issue an Order disqualifying William R. Hansen, Esq. and Lathrop & Gage, L.C. as counsel of record for Defendant, Watermaster of America, Inc., in this case.

Dated: New York, New York
       November 17, 2007

_____
Bruce D. Johnson (BJ0375)

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 19th day of November, 2007, I electronically filed the foregoing Reply Brief in Support of Motion of Plaintiff and Counterclaim Defendants to Disqualify Counsel of Record for Defendant, the Reply Declaration of John Fetter, dated November 17, 2007, in support of the instant motion, and the Reply Declaration of Bruce D. Johnson, dated November 17, 2007, in support of the instant motion with the Clerk of the United States District Court, Southern District of New York, using the CM/ECF system and that true copies of the foregoing papers were mailed this 19th day of November, 2007, by first class United States mail, to the following counsel of record:

> William R. Hansen, Esq.
> Lathrop & Gage, L.C.
> 230 Park Avenue, Suite 1847
> New York, New York 10169

/s/ Bruce D. Johnson
Bruce D. Johnson (BJ0375)
Attorney for Plaintiff Applied Technology Limited
and Counterclaim Defendants Fetter & Henderson
(Pty) Ltd. and John Fetter
Johnson & Associates
950 Third Avenue, Suite 2602
New York, New York 10022
(212) 808-9100
(212) 808-5536 facsimile