UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

APPLIED TECHNOLOGY LIMITED,

                              Plaintiff,          :          07 CV 6620 (LTS) (DF)

                                                  :

          -against-                               :          **ORDER**

                                                  :

WATERMASTER OF AMERICA, INC.,

                                                  :

                              Defendant.          :
-------------------------------------------------------------------X

WATERMASTER OF AMERICA, INC.,                     :

                              Counter-Plaintiff,  :

          -against-                               :

APPLIED TECHNOLOGY LIMITED,                       :
JOHN FETTER and FETTER &
HENDERSON, LTD.,                                  :

                              Counter-Defendants. :

-------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

          Pending before this Court is a motion (Dkt. 17) bought by plaintiff and counterclaim-

defendant Applied Technology Limited ("Applied Technology"), together with third party

defendants John Fetter ("Fetter") and Fetter & Henderson, Ltd. ("Fetter & Henderson")

(collectively, the "Moving Parties"), to disqualify counsel for defendant and counterclaim-

plaintiff Watermaster of America, Inc. ("Watermaster") because of an alleged conflict of interest.

The counsel in question are Larthop & Gage, L.C. ("Lathrop & Gage") and William R. Hansen,

Esq. ("Hansen"), a member of that firm.  The Moving Parties argue that Hansen represented

1

them in the past on various matters, had access to confidential information relevant to the facts alleged in Watermaster's counterclaim, and never terminated the prior representations.  (*See* Brief in Support of Motion of Plaintiff and Counterclaim Defendants To Disqualify Counsel of Record for Defendant, dated Oct. 29, 2007 (Dkt. 21), at 5-6.)  For his part, Hansen denies that his prior representation of the Moving Parties is ongoing, and further asserts that none of the issues involved in any prior representation bears any substantial relationship to any issue in this case.  (*See* Declaration of William R. Hansen in Opposition To Motion To Disqualify William R. Hansen and Lathrop & Gage L.C. as Attorneys for Watermaster of America, Inc. (undated), filed Nov. 13, 2007 (Dkt. 25), at ¶¶ 2, 11, 16, 18; *see generally* Brief in Opposition To Motion of Plaintiff and Counter-Claim Defendants To Disqualify William R. Hansen and Lathrop & Gage L.C. as Attorneys for Watermaster of America, Inc., dated Nov. 13, 2007 ("Opp. Br.") (Dkt. 28).)  Hansen additionally indicates that since the details of any alleged discussions with the Moving Parties "were known by or shared with Watermaster," such matters cannot be considered privileged or confidential.  (Opp. Br. at 15.)

This Court has reviewed the parties' submissions on the disqualification motion, and finds that the record is insufficient for the Court to evaluate the Moving Parties' contentions.  In particular, Fetter states that, while he and his company, Fetter & Henderson, were represented by Hansen in September 1999, he and Hansen met and discussed matters that "bear[] a substantial" and, indeed, "identical" relationship to the issues raised in Watermaster's counterclaim. (Declaration of John Fetter in Connection with Motion To Disqualify Counsel of Record for Defendant, dated Oct. 22, 2007 (Dkt. 19), at ¶ 2; *see also id.* at ¶¶ 4-5.)  Yet, because Fetter contends – contrary to Hansen's assertion – that these communications are protected by the

2

attorney-client privilege, he has not disclosed their substance. (*See* Reply Declaration of John Fetter in Connection with Motion To Disqualify Counsel of Record for Defendant, dated Nov. 17, 2007 ("Fetter Reply Decl.") (Dkt. 29), at ¶ 4.) Without such disclosure, the Court cannot fully assess the validity of Fetter's assertions regarding the existence and scope of Hansen's alleged conflict of interest.

Fetter has expressed willingness to supplement his submissions, so as to place the substance of the communications claimed to be privileged before the Court, for *in camera* review. (*See* Fetter Reply Decl., at ¶ 5.) The Court finds that, in the circumstances presented, this would be an appropriate procedure to ensure a just resolution of the disqualification motion. *See, e.g., Decora Inc. v. DW Wallcovering, Inc.*, 899 F.Supp. 132, 138 (S.D.N.Y. 1995) (noting, on a disqualification motion, that "[b]ecause the moving party is not required to publicly reveal actual confidences, *in camera* submission of documents is a recognized way of establishing that the two matters are substantially related" (citation omitted)).

Accordingly, it is hereby ORDERED that, no later than August 20, 2008, Fetter submit to the Court, for *in camera* review, a sworn affidavit or declaration made under penalty of perjury, setting forth the contents of the purportedly privileged and confidential communications at issue. If, upon review of Fetter's supplemental submission, the Court finds it necessary to hold a hearing to assess the credibility of Fetter and Hansen, the Court will then schedule such a hearing.

Dated:  New York, New York
       July 21, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

3

Copies to:

Bruce D. Johnson, Esq.
Johnson & Associates
950 Third Avenue, Suite 2602
New York, NY 10022

William R. Hansen, Esq.
Bernadette McGlynn Reilly, Esq.
Thomas J. FitzGerald, Esq.
Lathrop & Gage L.C.
230 Park Avenue, Suite 1847
New York, NY 10169

4